■ FRANCES T. BARNEY, Respondent, v ROCHESTER INSTITUTE OF TECHNOLOGY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered December 16, 1983 in Albany County, which denied defendant's motion to change venue from Albany County to Monroe County.

Plaintiff commenced this action in Albany County, her place of residence, seeking to recover for personal injuries she received when struck by an automobile as she was walking along Wiltsie Drive on defendant's campus. Defendant answered and thereafter moved pursuant to CPLR 510 (subd 3) to change the place of trial to Monroe County, where defendant's campus is located and where several of the intended witnesses reside. Special Term denied the motion and this appeal followed.

To prevail on its motion to change the place of trial pursuant to CPLR 510 (subd 3), defendant was required, among other factors, to set forth the testimony each witness was expected to give in sufficient detail to enable the court to assess its materiality (see, e.g., McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C510:3, p 74). Our review of the record reveals that the brief statement of the witnesses' expected testimony fails to set forth any evidentiary facts about the incident and is, thus, insufficient in this regard. Accordingly, the motion to change the place of trial was properly denied.

Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.