■ Salome Alverio, Appellant, v Delta International Machinery Corporation, Respondent and Third-Party Plaintiff-Respondent. Universal Unlimited, Inc., Third-Party Defendant-Respondent.—Order Supreme Court, Bronx County (Harold Tompkins, J.), entered November 25, 1987, which directed the transfer of the venue of this action to Nassau County, the examination of a circular saw and the deposition of the defendant, unanimously modified, on the law and the facts, to vacate that portion of the order directing a transfer of venue to Nassau County and otherwise affirmed, without costs.

The action grows out of an accident in which plaintiff's fingers were severed by a circular saw. At the time, plaintiff, a Bronx County, New York City resident, was working at the premises of his employer, Universal Unlimited, Inc. (Universal), the third-party defendant, in Nassau County. He was apparently treated at a hospital in Nassau County and another in Bronx County.

Plaintiff, a resident of Bronx County, brought this action against the defendant Delta International Machinery Corporation (Delta), a foreign corporation. Defendant Delta brought a third-party action against Universal.

The action was properly brought in Bronx County by the plaintiff who resides there. CPLR 503 (a) requires an action to be brought "in the county in which one of the parties resided when it was commenced". In addition, the papers in support of the defendant's motion for a change of venue did not meet the requirements of specificity as to the names and addresses of witnesses and the nature of their testimony *(see, Stavredes*

*v United Skates,* 87 AD2d 502 [1st Dept 1982]; *McGuire v General Elec. Co.,* 117 AD2d 523 [1st Dept 1986]). Moreover, the case has already proceeded in Bronx County to the extent of the deposition of the plaintiff and of the third-party defendant. Concur—Kupferman, J. P., Sandler, Carro, Rosenberger and Smith, JJ.