■ Donald G. Ginsberg et al., Individually and as Coexecutors of Robert L. Ginsberg, Deceased, Respondents, v Robinson Helicopter Company, Inc., et al., Appellants.—Order, Supreme Court, New York County (Leonard Cohen, J.), entered on or about July 10, 1989, which denied the defendants-appellants' cross motions to renew and/or reargue their prior motions to change the venue of the action, which motions were denied in an order entered December 1, 1988, unanimously reversed, on the law and the facts and in the exercise of discretion, the motion for renewal granted and, upon renewal, the motion for a change of venue granted, without costs.

Decedent was the pilot and sole occupant of a helicopter which crashed on May 10, 1986 in East Fishkill, New York, shortly after takeoff from the Dutchess County Airport in Poughkeepsie, en route to Danbury Airport in Connecticut. The decedent's brother and father, individually and as coexecutors of his estate, assert 12 causes of action against defendant Robinson Helicopter Company, Inc., the manufacturer of the helicopter, and Dads Air Inc., its owner.

The plaintiffs alleged negligence in design and manufacture of the aircraft, breach of warranty and strict products liability against Robinson Helicopter Company and negligence in maintaining it, as well as breach of warranty and strict liability for failure to warn of a defective or unsafe condition against Dads Air.

The defendants-appellants, pursuant to CPLR 509, 510 (3) and 511, seek to change venue from New York to Dutchess County, where the accident occurred, where all the witnesses either resided or were employed and where the investigation of the National Transportation Safety Board took place.

The only contact with New York County was that the decedent resided there, his will was probated there and it is the residence of one of the executors of his estate.

In general, transistory actions should be brought where the cause of action arose. (Toro v Gracin, 148 AD2d 364.) The eyewitnesses here are Dutchess County residents and the police officers who were first at the scene, as well as the Medical Examiner who examined the body, are employed in

Dutchess County. There is specificity as to the names and addresses of eyewitnesses and other material witnesses and the nature of their testimony. Accordingly, the requirements for change of venue are satisfied. *(Cf., Alverio v Delta Intl. Mach. Corp.,* 139 AD2d 419.) Concur—Kupferman, J. P., Milonas, Asch, Wallach and Rubin, JJ.