THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD L. HIGGINS, as Commissioner of the New York State Division of Housing and Community Renewal, Respondent, v MARJORIE LEIER et al., Appellants.

Third Department, December 27, 1990

APPEARANCES OF COUNSEL

*Scheinberg, Schneps, De Petris & De Petris (Richard E. De Petris* of counsel), for appellants.

*Dennis Hasher (Hubert D. Miles* of counsel), for respondent.

## OPINION OF THE COURT

WEISS, J.

This special proceeding was commenced by petitioner pursuant to the provisions of Real Property Law § 233 against respondents who own and operate a mobile home park located within the Town of Southampton, Suffolk County. The facts

giving rise to the proceeding are not complicated. By notice dated May 26, 1988, respondents informed their tenants that monthly rent would be increased from $260 to $295; that parking for more than one automobile would cost $15 a month; that the rent would not include real estate taxes on the tenants' mobile homes; and that the tenants would be required to pay real estate taxes on their own mobile homes for the tax year commencing December 1, 1988. This notice was followed with another notice to each tenant dated August 31, 1988 stating, "Please be advised that effective December 1, 1988, you shall be responsible for the taxes on your mobile home." The second notice advised that taxes would be "payable in full to the landlord on May 1st of each year" and that the tenants would be notified of the amount of taxes for the particular mobile home by their landlord.

Upon receipt of complaints from several month-to-month tenants and subsequently from several additional tenants alleging that respondents had assessed and imposed lump-sum charges upon them as their pro rata share of the real property tax liability in addition to the monthly rent, petitioner commenced the instant proceeding. The relief sought included a permanent injunction against continued violation of Real Property Law § 233 (g) (1), restitution of any payments already made by the tenants, penalties, and other statutory relief. In their answer, respondents alleged that the charges complained of constituted additional rent from each tenant who was not receiving a tax bill directly from the town, that the amount of the additional rent constituted the real property taxes attributable to such tenant's mobile home, and that the written notices given complied with the provisions of, and did not violate, Real Property Law § 233.

Thereafter, respondents moved for an order changing the venue from Albany County to Suffolk County on the ground that the convenience of material witnesses and the interests of justice would be served by such change. Supreme Court denied the motion, without prejudice, holding that the supporting affidavits failed to satisfy the minimum requirements set forth in CPLR 510 (3) to justify a venue change. The court simultaneously ruled in favor of petitioner granting the relief sought, holding that respondents did more than merely increase rent and that they charged tenants a pro rata share of the owners' property tax liability in direct contravention of Real Property Law § 233 (g) (1). In addition to an injunction, the court ordered respondents to cooperate with petitioner to determine

the names, addresses, and amounts due in restitution to each tenant. Respondents have appealed from both of the court's orders.

■ Initially, we affirm the order denying a change of venue. The disposition of such motion is within the sound discretion of the court (CPLR 510 [3]; *Cola-Rugg Enters. v Consolidated Edison Co.,* 109 AD2d 726) and will not be disturbed on appeal absent a showing that such discretion has been abused *(Stavredes v United Skates,* 87 AD2d 502). Here, respondents failed to sustain the burden imposed upon them to justify a change by specifying the names and addresses of each material witness, detailing the testimony each would give, and demonstrating why such testimony was indispensable *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C510:3, at 74-75; *Alverio v Delta Intl. Mach. Corp.,* 139 AD2d 419). Respondents' vague descriptions of material witnesses and what they might testify to were facially insufficient.

■ Turning to the merits, we similarly find respondents' arguments unavailing. We first note that the Legislature has manifested its intent to authorize municipalities to impose real property taxation upon the owners of mobile home parks and to permit the value of mobile homes situated on lots within a park to be included in the assessments (RPTL 102 [12] [g]). The Court of Appeals has upheld the constitutionality of the statute *(see, New York Mobile Homes Assn. v Steckel,* 9 NY2d 533, *appeal dismissed* 369 US 150). It is the lot owner, not the mobile home owner, who is responsible for payment of the real property tax *(supra,* at 539).

It is equally clear that Real Property Law § 233 (g) specifically prohibits the charge of a fee to a tenant by a park owner for other than rent, utilities and charges for facilities and services available to the tenant. The statute prevents lot owners from bilking tenants through unnecessary and excessive fees *(see, Miller v Valley Forge Vil.,* 43 NY2d 626, 629). The operating expenses of a park owner, including real property taxes, are properly recouped through the rent charged. Real property taxes pay for those services usually provided by the municipality such as fire and police protection, water, sewer and education. None of these services are provided by the lot owner. The lot owner has at his disposal the means, by way of rent, to allocate and recover those increased taxes *(New York Mobile Homes Assn. v Steckel, supra,* at 539) and, as in any landlord-tenant relationship, a tenant may elect to

pay the rent or move out. In this case, since the extra charge for real estate taxes was in direct contravention of Real Property Law § 233 (g) and the decision in *New York Mobile Homes Assn. v Steckel (supra)*, it was properly disallowed by Supreme Court.

Finally, we reject respondents' contention that they were entitled to an evidentiary hearing. CPLR 409 (b) empowers Supreme Court to make summary determinations upon the pleadings, papers and admissions to the extent that no triable issues of fact exist *(see also, Matter of Jones v Marcy,* 135 AD2d 887; *Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d 893). Since respondents' papers admit that they determined and imposed a pro rata share of real property taxes upon the mobile home owners who were tenants, it is clear such action was illegal under Real Property Law § 233 (g). There was neither an issue of fact present, nor a need for an evidentiary hearing, making summary disposition appropriate.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Orders affirmed, with costs.