■ JOSEPH DiPALMA, Respondent, v LONG ISLAND RAIL ROAD COMPANY, Appellant.—Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about October 16, 1991, which denied defendant's motion for a change of venue, to Suffolk County, unanimously affirmed, without costs.

There being no dispute that venue was properly placed in New York County at the time the action was commenced (CPLR 505 [a]; 503 [c]; Noonan v Long Is. R. R., 158 AD2d 392, 393), defendant's motion can only be based upon the convenience of material witnesses and the ends of justice (CPLR 510

[3]). Such a motion must be supported by an affidavit that specifies the names and addresses of the proposed witnesses, the essence of their expected testimony, and the inconvenience they would suffer if required to testify in the county of original venue *(Dashman v Really Useful Theatre Co.,* 167 AD2d 325, 326). Defendant's motion papers fail to make such a showing. Concur—Milonas, J. P., Ellerin, Kupferman and Kassal, JJ.