■ BRIAN MCCONVILLE et al., Respondents, v MAKITA U.S.A., INC., Appellant. [612 NYS2d 31] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about March 18, 1993, which denied defendant's motion for a change of venue to Rockland County, unanimously affirmed, without costs.

Plaintiff, a Rockland County resident, claims that he was injured by a defective product in the course of his employment in New Jersey. The only basis for venue in New York County is the designation of New York County in defendant's 1970 certification of incorporation as the location of its principal office, although defendant represents that its principal place of business is in California and that it has never had any actual offices in New York State whatsoever. While we agree with defendant that the connection to New York County is weak, it does not follow that the action should be tried in Rockland County to further the convenience of witnesses, namely plaintiff's treating physician and physical therapist both of whom reside in Rockland County, whose convenience should be a matter of plaintiff's, not defendant's, solicitude. Curiously, defendant's expert has an office in New York County. And there is no showing that the emergency room physician from New Jersey would be any more convenienced by a trial in Rockland instead of New York County. Concur—Murphy, P. J., Rosenberger, Kupferman, Ross and Tom, JJ.