■ ANTHONY FERNANDES et al., Appellants, v F.N. PROJECTS, INC., Respondents. [625 NYS2d 548] —Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered September 28, 1994, granting defendant F.N. Projects, Inc.'s motion for a change of venue to Suffolk County, unanimously reversed, on the law and the facts, without costs or disbursements, and the motion denied.

Plaintiff Anthony Fernandes, a resident of Suffolk County, was injured in a fall in that county while working on a construction project at which F.N. Projects, Inc., was the general contractor. Plaintiff's employers either reside in or maintain their principal place of business in Suffolk County; plaintiff was treated at Mather Memorial Hospital and attended by a doctor in that county. F.N., a foreign corporation which has filed a certificate of doing business in New York County, moved for a change of venue pursuant to CPLR 510 (3), referring to "the [a]dmitting [n]urse from Mather Memorial Hospital" and noting that the employer and any witnesses to the accident at the jobsite were all from Suffolk. None of these witnesses were named, however; nor was the testimony of their testimony set forth. The IAS Court nevertheless granted the motion on the basis of the multiplicity of factors having a Suffolk County nexus. We reverse.

Although the contents of defendant's filing for authority to do business in this State are not part of this record, we assume, as do the parties, that the filing set forth New York County as the location of F.N.'s office (see, Business Corporation Law § 1304 [a] [5]) and, thus, that New York County was F.N.'s residence. In such circumstances, the designation of New York County, its principal place of business, as the venue of this action was in the first instance proper. (See, CPLR 503 [c]; McConville v Makita U.S.A., 204 AD2d 206.) To change venue pursuant to CPLR 510 (3), F.N. had to demonstrate that the convenience of material witnesses and the end of justice would be promoted by the change. This it has failed to do since it is well established that on such a motion the moving party must set forth the names and addresses of the witnesses, the substance and materiality of their testimony, that the witnesses have been contacted, are willing to testify and how and why the witnesses would be inconvenienced if the

526

venue went unchanged. *(See, DiPalma v Long Is. R. R. Co.,* 189 AD2d 593; *Bell v Cusano,* 197 AD2d 382.) Such a showing is glaringly missing from this record. It should also be noted that the convenience of the parties and their employees should not be considered in determining such a motion. *(See, Coles v LaGuardia Med. Group,* 161 AD2d 166.) Concur— Sullivan, J. P., Rosenberger, Ellerin, Ross and Williams, JJ.