■ Peter Heinemann et al., Respondents, v Martin Grunfeld, Appellant. [637 NYS2d 141] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about February 10, 1995, which denied defendant's motion to transfer the venue of this action to Westchester County, unanimously affirmed, without costs.

The party moving for a change of venue pursuant to CPLR 510 (3) has the burden of demonstrating that the convenience of material witnesses would be better served by the change (*Cardona v Aggressive Heating*, 180 AD2d 572). The movant's showing must include (1) the identity of the proposed witnesses, (2) the manner in which they would be inconvenienced by a trial in the county in which the action was commenced, (3) that the witnesses have been contacted and are available and willing to testify for the movant, (4) the nature of the anticipated testimony, and (5) the manner in which the anticipated testimony is material to the issues raised in the case *(supra)*. Here, defendant failed to include the complete addresses of the witnesses and did not indicate whether they were available and willing to testify for the movant. Moreover, while the general rule is that transitory actions should be tried in the county in which the cause of action arose, this rule is predicated on the convenience of material witnesses (*Moghazeh v Valdes-Rodriguez*, 151 AD2d 428). Here, defendant merely asserted that the witnesses would be inconvenienced by traveling from Westchester to Bronx County. In light of the short distance involved, it cannot be presumed that the witnesses would be subjected to great inconvenience or hardship (*Rodriguez v Ryder Truck Rental*, 100 AD2d 811; *Cardona v Aggressive Heating, supra*). Under the circumstances, the court's denial of the motion was not an improvident exercise of discretion. Concur—Murphy, P. J., Rosenberger, Rubin, Tom and Mazzarelli, JJ.