■ REFORE ROLLINSON, Respondent, v PERGAMENT ACQUISITION CORP., Appellant. [643 NYS2d 91]

Plaintiff, a Westchester County resident, seeks to recover for injuries allegedly sustained when he stepped on a nail in defendant's Westchester County store. In the course of disclosure, plaintiff provided the names and addresses of five eyewitnesses, three of whom are defendant's employees and all of whom are Westchester County residents. Venue was designated in New York County, designated as its principal place of business in defendant's application for authority to conduct business in New York. Defendant sought a change of venue pursuant to CPLR 510 (3), arguing that the accident occurred in Westchester County, that all five persons identified as eyewitnesses reside in Westchester County, and that all of plaintiff's medical treatment was received at a hospital and from doctors located in Westchester County. The motion was properly denied. The convenience of defendant's employees is not a weighty factor, and, concerning the two non-employee identified eyewitnesses, defendant failed to indicate the substance and materiality of their testimony, that they were contacted and are willing to testify, and how they would be inconvenienced by having to come to New York (*see, Fernandes v F.N. Projects*, 214 AD2d 525). We are skeptical of any expression of concern by defendant for plaintiff's treating physician (*McConville v Makita U.S.A.*, 204 AD2d 206), and no showing is made why the Westchester location of the hospital where plaintiff received treatment should make a difference. We have

considered defendant's other arguments and find them to be without merit. Concur—Murphy, P. J., Wallach, Rubin, Williams and Mazzarelli, JJ.