■ SILVERO MONTERO, as Administrator of the Estate of GENARO MONTERO, Also Known as GENARO RUIZ-MONTERO, Deceased, et al., Appellants, v ELRAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, Respondent, et al., Defendants. [751 NYS2d 432] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered February 15, 2002, which granted defendant Elrac's motion for a change of venue from Bronx County to Orange County, unanimously reversed, on the law, without costs, and the motion denied.

This wrongful death action arose when plaintiff's decedent, while apparently riding a bicycle in Orange County, New York, was struck by a car driven by defendant Ciszak and owned by defendant Elrac. Plaintiffs commenced the action in Bronx County, plaintiff Ronnie Montero's county of residence. After serving its answer and a demand for a change of venue, defendant Elrac filed the present motion, arguing that all anticipated witnesses reside in Orange County. One eyewitness was identified as Craig Bedford, who was identified by his Orange County address, and a synopsis of his expected testimony was set forth. Several officers from the Orange County Police Department were expected to testify, as was the Orange County Coroner. However, the police witnesses' residences were not identified, except by reference to the police station. A notarized letter from a police supervisor indicated that the officers would be willing to testify at the civil trial, but that the Bronx would be an inconvenient forum, in that scheduling difficulties would arise. Defendant has not otherwise established that these witnesses were personally contacted.

In a transitory action, the general preference is to try the case where the cause of action arose (*Moghazeh v Valdes-Rodriguez*, 151 AD2d 428), subject to the convenience of material witnesses. We require that for a change of venue, the movant must identify the proposed witnesses, explain the manner in which they will be inconvenienced by the present venue, contact the witnesses and establish that they are available and willing to testify for the movant, and explain the nature of the anticipated testimony and the manner in which it is material to the issues to be raised (*Leopold v Goldstein*, 283 AD2d 319). A failure to establish the requisite contact with the witnesses

results in the movant's failure to satisfy its burden (*Carrozza v Galleria Mall*, 292 AD2d 279; *Brevetti v Roth*, 114 AD2d 877). A failure to provide the complete addresses of the proposed witnesses, as a failure to establish their willingness to testify or a failure to establish the basis for their inconvenience, also results in a failure to carry the movant's burden (*Heinemann v Grunfeld*, 224 AD2d 204). As such, although the facts of this case might support a change of venue if the procedural requirements were satisfied, the facial deficiency of the motion papers requires that the motion be denied. Concur—Tom, J.P., Saxe, Rosenberger, Rubin and Friedman, JJ.