■ MIGUEL MARTINEZ, Appellant, v DUTCHESS LANDAQ, INC., et al., Respondents, et al., Defendant and Third-Party Plaintiff. INGERSOLL RAND COMPANY, Third-Party Defendant-Respondent. [754 NYS2d 5] —Order, Supreme Court, New York County (Paula Omansky, J.), entered August 24, 2001, which granted defendants-respondents' motion pursuant to CPLR 510 (3) to change venue from New York County to Putnam County, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion denied.

In September 1999, plaintiff Miguel Martinez, a Putnam County resident, was injured when he was run over by a forklift

while working at an excavation site on property located partially in Putnam and Dutchess Counties, New York. In December 2000, he commenced the instant action for personal injuries against defendants Dutchess Landaq, Inc., Pawling Properties Assocs., Dirk E. Ziff and Robert D. Ziff, the companies and individuals in charge of the excavation site (collectively Dutchess), and Walter S. Pratt & Sons, Inc., the owner of the forklift. Plaintiff venued the action in New York County based on Dutchess's purported residence in that county.

Defendants promptly moved for a change of venue pursuant to CPLR 510 (1), arguing that venue was not proper in New York County since Dutchess neither resided there nor had its principal place of business there. They further argued for a discretionary change of venue pursuant to CPLR 510 (3) based on the convenience of material witnesses, since the accident occurred partially in Putnam County, plaintiff resided there, and the one eyewitness to plaintiff's accident, a Connecticut resident, would be inconvenienced if the action were tried in New York County.

The IAS court granted defendants' motion. The court rejected Dutchess's claim that it did not reside in New York County, but granted the motion under CPLR 510 (3). The court found that the case's nexus to New York County was "tenuous at best," and that because "all of the relevant events occurred either in Dutchess or Putnam County, including medical treatment and police investigation of the accident," venue would be transferred to Putnam "in the interests of justice and for the convenience of all witnesses."

The IAS court's change of venue was an improvident exercise of discretion. To obtain a discretionary change of venue under CPLR 510 (3), "the moving party must provide detailed justification for such relief in the form of the identity and availability of proposed witnesses, the nature and materiality of their anticipated testimony, and the manner in which they would be inconvenienced by the initial venue" (*Rodriguez v Port Auth.*, 293 AD2d 325, 326, citing *Cardona v Aggressive Heating*, 180 AD2d 572).

Defendants have failed to meet this burden. Although defendants' submissions included an affidavit from the only eyewitness to the accident, Lloyd Sweeney, who averred that he would be inconvenienced by having to testify in New York County, plaintiff has submitted evidence that at the time of the accident, Sweeney was employed by one of the defendants. The convenience of a party's employee is not a "weighty factor" in considering a motion for a discretionary change of venue (*see*

*Rollinson v Pergament Acquisition Corp.*, 228 AD2d 186; *Cilmi v Max E. Greenberg, Trager, Toplitz & Herbst*, 273 AD2d 266).

Defendants' general allegation that nonparty witnesses such as the two State Police Troopers who investigated the accident and unidentified medical and emergency personnel who treated plaintiff, who purportedly work or reside in the area surrounding Putnam and Dutchess Counties and would be inconvenienced by testifying in New York, lacks evidentiary support. Notably lacking is any evidence that these witnesses have been contacted, are willing to testify on material matters and would be inconvenienced by having to testify in New York (*see Goldberg v Bivins*, 295 AD2d 162; *Rollinson v Pergament Acquisition Corp.*, 228 AD2d 186; *cf. Lloyd v National Propane Corp.*, 271 AD2d 202). Accordingly, the IAS court improvidently exercised its discretion in transferring venue to Putnam County. Concur—Nardelli, J.P., Tom, Lerner, Marlow and Gonzalez, JJ.