■ THELMA HERNANDEZ, Appellant, v SONIA RODRIGUEZ et al., Respondents. [773 NYS2d 297]—

Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered August 22, 2002, which granted defendants' motion for a change of venue from Bronx County to Suffolk County, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff, a resident of Suffolk County, allegedly suffered an injury at the Suffolk County multiple dwelling owned by defendants. She commenced the instant action in Bronx County, where defendants reside. Defendants, after serving an answer and a demand for a change of venue, moved for change of venue based on the convenience of material witnesses. In support, defendants alleged that an action is properly venued in the forum where the cause of action arose and that the nonparties identified by plaintiff as witnesses, whose testimony defendants believed would be required at trial, all resided in Suffolk County. Defendants further noted that plaintiff's treating physicians were also located in Suffolk County.

To obtain a discretionary change of venue under CPLR 510 (3), "the moving party must provide detailed justification for such relief in the form of the identity and availability of proposed witnesses, the nature and materiality of their anticipated testimony, and the manner in which they would be inconvenienced by the initial venue" (*Rodriguez v Port Auth.*,

293 AD2d 325, 326 [2002], citing *Cardona v Aggressive Heating*, 180 AD2d 572 [1992]; *Leopold v Goldstein*, 283 AD2d 319 [2001]). A failure to establish the requisite contact with the witnesses results in the movant's failure to satisfy its burden (*Carrozza v Galleria Mall*, 292 AD2d 279 [2002]; *Brevetti v Roth*, 114 AD2d 877 [1985]), as does the failure to establish their willingness to testify or the basis for their inconvenience (*Heinemann v Grunfeld*, 224 AD2d 204 [1996]).

Here, no synopsis of the expected testimony was set forth and defendants did not establish that these witnesses were personally contacted and are available to testify. The need to travel from Suffolk County to the Bronx does not give rise to a presumption of inconvenience (*see Morrison v Lawler*, 290 AD2d 370 [2002]; *Gluck v Pond House Farm*, 271 AD2d 334 [2000]). As such, although the facts of this case might support a change of venue if the procedural requirements were satisfied, the facial deficiency of the motion papers requires that it be denied (*see Martinez v Dutchess Landaq*, 301 AD2d 424 [2003]). Concur—Tom, J.P., Andrias, Lerner, Friedman and Marlow, JJ.