■ ROCHESTER DRUG CO-OPERATIVE, INC., Appellant, v MAR-COTT PHARMACY NORTH CORP., Doing Business as QUALITY RITE PHARMACY, et al., Respondents. MARCOTT PHARMACY NORTH CORP., Doing Business as QUALITY RITE PHARMACY, et al., Third-Party Plaintiffs, v DEL BELLO, DONNELLAN, WEINGARTEN, TARTA-GLIA, WISE & WIEDERKEHR, LLP, Third-Party Defendant-Respondent. [789 NYS2d 779]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered March 1, 2004. The order, insofar as appealed from, granted that part of the motion of third-party defendant to change venue to Westchester County.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs and the motion is denied in its entirety.

Memorandum: Supreme Court erred in granting that part of the motion of third-party defendant seeking a change of venue to Westchester County pursuant to CPLR 510 (3). "The party moving for a change of venue pursuant to CPLR 510 (3) has the burden of demonstrating that the convenience of material witnesses would be better served by the change" (*Heinemann v Grunfeld*, 224 AD2d 204, 204 [1996]). Third-party defendant failed to meet that burden. It identified four nonparty witnesses, but failed to provide their residence addresses (*see Montero v Elrac, Inc.*, 300 AD2d 9, 10 [2002]; *Stavredes v United Skates of Am.*, 87 AD2d 502 [1982]), establish that any of the witnesses had been contacted (*see Montero*, 300 AD2d at 9-10; *Carrozza v Galleria Mall at White Plains*, 292 AD2d 279 [2002]) or indicate that they were available and willing to testify (*see Heinemann*, 224 AD2d at 204). Further, the brief and vague descriptions of the witnesses' expected testimony are insufficient to assess the materiality of that testimony (*see People ex rel. Higgins v Leier*, 164 AD2d 492, 495 [1990]; *Barney v Rochester Inst. of Tech.*, 105 AD2d 516 [1984]). Thus, "although the facts of this case might support a change of venue if the procedural requirements were satisfied, the facial deficiency of the motion papers requires that the motion be denied" (*Montero*, 300 AD2d at 10). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.