■ Amy Gissen, Appellant, v Boy Scouts of America et al., Respondents. [811 NYS2d 20]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered November 3, 2004, which, to the extent appealed from, granted the motion of defendant Boy Scouts of America (BSA) to change venue from New York County to Suffolk County, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion denied.

This personal injury action resulted from plaintiff's trip and fall which allegedly occurred on May 31, 2003 at the Baiting Hollow Scout Camp, a facility located in Suffolk County, New York and owned by the Suffolk County Council (SCC), a legal entity distinct from the named defendant, BSA. Plaintiff was attending an event of the Earth Circle Group, a California corporation, which had leased the facility from SCC for the weekend. Plaintiff set venue in New York County, where she resided, and served SCC on or about October 20, 2003. She never served BSA, which nonetheless served a verified answer on October 28, 2003, asserting the affirmative defense of lack of jurisdiction. Subsequently, in July 2004, BSA moved to so-order a stipulation substituting SCC and Earth Circle Group as defendants in place of BSA and Baiting Hollow Scout Camp, and for an order, pursuant to CPLR 510 (3) and 511 (a), to change the venue to Suffolk County. The latter relief was sought on the ground that it would promote convenience and the interests of justice, since all of the material witnesses allegedly resided in Suffolk County. The motion was granted in both respects.

Although the motion court properly exercised its discretion in entertaining the change of venue motion, since it was made within a reasonable time after commencement of the action (CPLR 511 [a]), prior to discovery, and no prejudice to plaintiff was alleged (*see Soufan v Argo Pneumatic Co.*, 170 AD2d 289 [1991]), it improvidently exercised its discretion in granting the motion. In order to obtain relief pursuant to CPLR 510 (3), the movant must assert all of the following information: the names and addresses of the witnesses, the substance and materiality of their testimony relative to the issues in the case, that the witnesses have been contacted and are willing to testify on behalf of the movant, and the manner in which they will be inconve-

nienced by a trial in the county where the action was commenced (*Montero v Elrac, Inc.*, 300 AD2d 9 [2002]; *Cardona v Aggressive Heating*, 180 AD2d 572 [1992]). Of the four alleged material witnesses here, defendant contacted only two, and failed to show how either of them would be inconvenienced and whether one of them, a Ms. Branagan, would be willing to testify at all (*see Montero*, 300 AD2d at 10). Moreover, the moving defendant failed to demonstrate that the second witness was not an employee or agent of Earth Circle Group, a substituted defendant in the action, and therefore, one whose convenience was not a factor for consideration on the motion (*see Martinez v Dutchess Landaq, Inc.*, 301 AD2d 424, 425-426 [2003]; *Fernandes v F.N. Projects*, 214 AD2d 525, 526 [1995]). Hence, defendant's failure to carry its burden warrants denial of the motion. Concur—Mazzarelli, J.P., Marlow, Williams, Sweeny and Malone, JJ.