■ CHARLES L. DAVIS, Appellant-Respondent, v RUSSELL FIRMAN, M.D., et al., Respondents-Appellants. [862 NYS2d 877]—

Appeal and cross appeals from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered January 10, 2006 in a medical malpractice action. The order granted the motion of plaintiff for leave to reargue his opposition to the motion of defendants Cortland Memorial Hospital and Lynn Cunningham, M.D. and the cross motion of defendants Russell Firman, M.D. and Emergency Medicine Physicians of Cortland County, PLLC for a change of venue.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion and cross motion for a change of venue and as modified the order is affirmed without costs.

Memorandum: Plaintiff appeals and defendants cross-appeal from an order granting the motion of plaintiff for leave to reargue his opposition to the respective motion and cross motion of defendants for an order changing the venue of this action from Erie County to Cortland County. Upon reargument, Supreme Court adhered to its prior decision granting defendants' respective motion and cross motion. Addressing first defendants' cross appeals, we conclude that the court properly granted plaintiff's motion for leave to reargue inasmuch as the court "mistakenly arrived at its earlier decision" changing the venue of the action (*Matter of Williams v Board of Educ. of City School Dist. of City of N.Y.*, 24 AD3d 458, 459 [2005]; *see* CPLR 2221 [d] [2]; *Custom Topsoil, Inc. v City of Buffalo*, 12 AD3d 1162, 1164 [2004]; *Ebasco Constructors v A.M.S. Constr. Co.*, 195 AD2d 439, 440 [1993]).

We conclude with respect to plaintiff's appeal that the court, upon reargument, erred in adhering to its prior decision, and we therefore modify the order accordingly. Parties " 'moving for a change of venue pursuant to CPLR 510 (3) [have] the burden of demonstrating that the convenience of material witnesses would be better served by the change' " (*Rochester Drug Coop., Inc. v Marcott Pharmacy N. Corp.*, 15 AD3d 899 [2005], quoting *Heinemann v Grunfeld*, 224 AD2d 204 [1996]). In support of the motion and cross motion, defendants submitted the affidavits of four prospective witnesses who stated that they would be inconvenienced if they had to travel to Erie County. Two of the prospective witnesses are employed at defendant Cortland Memorial Hospital, however, and thus their convenience "carries little if any weight" (*Said v Strong Mem. Hosp.*, 255 AD2d 953, 954 [1998]). The affidavits of the remaining two prospective witnesses, paramedics who gave medical assistance to plaintiff,

failed to include the residence addresses of the witnesses (*see Montero v Elrac, Inc.*, 300 AD2d 9, 10 [2002]), and "the brief and vague descriptions of the [prospective] witnesses' expected testimony are insufficient to assess the materiality of that testimony" (*Rochester Drug Coop., Inc.*, 15 AD3d 899 [2005]; *see also Roth v Meyer*, 248 AD2d 1001 [1998]). " '[A]lthough the facts of this case might support a change of venue if [all of] the procedural requirements were satisfied, the facial deficiency of the motion [and cross motion] papers requires that the motion [and cross motion] be denied' " (*Rochester Drug Coop., Inc.*, 15 AD3d 899 [2005]; *see generally Frangos v Town of Niagara*, 307 AD2d 727 [2003]; *Pillittere v Ted & Ann Tours*, 244 AD2d 1006 [1997]). Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.