Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered October 24, 2011, which granted defendants’ motion to change venue from New York County to Suffolk County pursuant to CPLR 510 (3), unanimously reversed, on the law, without costs, and the motion denied.
Defendants’ initial moving papers provided the names, addresses and occupations of four prospective nonparty witnesses in Suffolk County, but failed to make the requisite showing that those witnesses were actually contacted and were willing to testify, or to set forth the substance and materiality of their testimony (see Berk v Linnehan, 85 AD3d 475 [1st Dept 2011]). Nor did defendants provide any reason why traveling to New York County would constitute a hardship for those witnesses (see Hernandez v Rodriguez, 5 AD3d 269, 270 [1st Dept 2004]; Gluck v Pond House Farm, 271 AD2d 334, 334-335 [1st Dept 2000]).
Defendants’ attempt to cure these deficiencies in their reply *565 papers was improper (see Root v Brotmann, 41 AD3d 247 [1st Dept 2007]). In any event, defendants failed to demonstrate that the proposed testimony of the nonparty witnesses, concerning defendants’ claim that the County of Suffolk wrongfully declared defendant M.H. Kane Construction Corp. in default under a construction contract, would be material in the instant case in which plaintiff, a surety on performance bonds issued in connection with the construction project, seeks to recover pursuant to an indemnity agreement executed by defendants (see BIB Constr. Co. v Fireman’s Ins. Co. of Newark, N.J., 214 AD2d 521 [1st Dept 1995]). Concur — Tom, J.E, Saxe, Richter, AbdusSalaam and Feinman, JJ.