Rowland v Slayton (2019 NY Slip Op 01007)





Rowland v Slayton


2019 NY Slip Op 01007


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


100 CA 18-01377

[*1]JAYMEE SUE ROWLAND, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF RICHARD ROWLAND, DECEASED, PLAINTIFF-RESPONDENT,
v
TIMOTHY SLAYTON, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






WOODS OVIATT GILMAN LLP, ROCHESTER (GREGORY G. BROIKOS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SMITH SOVIK KENDRICK & SUGNET, P.C., SYRACUSE (EDWARD J. SMITH, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered October 17, 2017. The order denied the motion of defendant Timothy Slayton to change the venue of this action from Monroe County to Steuben County. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for decedent's wrongful death and conscious pain and suffering resulting from an accident that occurred in Steuben County. We reject the contention of Timothy Slayton (defendant) that Supreme Court abused its discretion in denying his motion to change the venue of this action from Monroe County to Steuben County pursuant to CPLR 510 (3). " The party moving for a change of venue pursuant to CPLR 510 (3) has the burden of demonstrating that the convenience of material witnesses would be better served by the change' " (Rochester Drug Coop., Inc. v Marcott Pharmacy N. Corp., 15 AD3d 899, 899 [4th Dept 2005]). Here, although defendant provided the names, addresses, and occupations of the prospective witnesses; a statement of the witnesses' expected testimony that is sufficiently specific to allow the court to determine whether the witnesses are material; and a basis for concluding that the witnesses would be available and willing to testify (see id.; Roth v Meyer, 248 AD2d 1001, 1001 [4th Dept 1998]; O'Brien v Vassar Bros. Hosp., 207 AD2d 169, 172-173 [2d Dept 1995]; Zinker v Zinker, 185 AD2d 698, 698 [4th Dept 1992]), defendant failed to establish that the prospective witnesses would be inconvenienced if the change of venue were not granted (cf. Seguin v Landfried, 96 AD3d 1433, 1433 [4th Dept 2012]). Furthermore, plaintiff offered to conduct all depositions of the witnesses in Steuben County and to limit the time of the depositions in an effort to minimize any hardship on the witnesses. We therefore conclude that "the court did not abuse its discretion in denying the motion inasmuch as defendant[] failed to meet [his] burden of proving that the convenience of material witnesses and the ends of justice would be promoted by the change" (Cellino & Barnes, P.C. v Law Off. of Christopher J. Cassar, P.C., 140 AD3d 1732, 1735 [4th Dept 2016] [internal quotation marks omitted]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court