10 Two Trees Lane LLC v Mahoney (2021 NY Slip Op 01371)





10 Two Trees Lane LLC v Mahoney


2021 NY Slip Op 01371


Decided on March 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 09, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Shulman, JJ. 


Index No. 150107/20 Appeal No. 13317N Case No. 2020-03931 

[*1]10 Two Trees Lane LLC, et al, Plaintiffs-Appellants,
v
Daniel Mahoney et al, Defendants-Respondents.


The Law Office of Natascia Ayers, New York (Natascia Ayers of counsel), for appellants.
Thomas Gibbons, Southampton, for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about August 28, 2020, which granted defendants' motion to change venue from New York County to Suffolk County, unanimously reversed, without costs, and the motion denied.
Plaintiffs entered into a contract with defendants to paint a newly-constructed luxury residential property in Bridgehampton, New York. The complaint alleged that the work was substandard, and asserted causes of action for breach of contract, fraud, deceptive trade practices, and conversion. Venue was placed in New York County based on the residence and principal places of business of plaintiffs. Defendants reside and have their principal place of business in Suffolk County, where the property is located.
Where venue has properly been designated by the plaintiff based on the residence of either party, a defendant seeking a change of venue under CPLR 510(3) must make a detailed evidentiary showing that the nonparty witnesses will, in fact, be inconvenienced absent such relief. The affidavit of the moving party under CPLR 510(3) must (1) contain the names, addresses, and occupations of witnesses expected to be called; (2) disclose the facts upon which such witnesses are expected to testify, in order that the court may determine whether such witnesses are material and necessary; (3) demonstrate that such witnesses are willing to testify; and (4) show that the witnesses would be inconvenienced absent a change in venue (O'Brien v Vassar Bros Hosp., 207 AD2d 169 [2d Dept 1995]; see Gersten v Lemke, 68 AD3d 681, 681 [1st Dept 2009] [affirming denial of motion to change venue where the home and work addresses of the allegedly inconvenienced witnesses were not provided until reply, and noting that "[d]efendant's bare assertions of inconvenience fail to show the manner in which his proposed witnesses would be inconvenienced by having to travel between Nassau and New York Counties"]).
Defendants herein failed to satisfy their burden of demonstrating that a change of venue for the convenience of material witnesses under CPLR 510(3) was warranted. Notably, defendants neglected to show with sufficient particularity the facts upon which nonparty McAulife is expected to testify.[FN1] Defendants did not submit an affidavit from McAulife, relying instead on counsel's affirmation wherein he states that McAulife was "familiar with the work performed by defendants at 10 Two Trees Lane," and "familiar with defendants in their business capacity." Without further detail about when, where, and under what circumstances McAulife had occasion to become "familiar with the work," defendants' burden has not been met (see Clark v New Rochelle Hosp. Med. Ctr, 170 AD2d 271 [1st Dept 1991]). Defendants also fail to set forth McAulife's name, address, and occupation, or how he would be inconvenienced absent a change in venue. The fact that the case involves work on a property located in Suffolk County does not justify an inversion of the burden [*2]of proof or relieve the moving party of its burden of establishing that the convenience of the nonparty witnesses would be served by a discretionary change of venue (see O'Brien, 207 AD2d at 174).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2021



Footnotes

Footnote 1: Defendants themselves are not witnesses for the purpose of deciding a motion pursuant to CPLR 510(3) (see O'Brien, 207 AD2d at 173).