Barresi v Halls Boat, LLC (2023 NY Slip Op 02964)

Barresi v Halls Boat, LLC

2023 NY Slip Op 02964

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Kapnick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Index No. 817444/21E Appeal No. 419 Case No. 2022-05608 

[*1]Andrea Barresi, as Administratrix of the Estate of Carmine Barresi, Plaintiff-Respondent,
v
Halls Boat, LLC, Defendant-Appellant.

Rubin, Fiorella, Friedman & Mercante LLP, New York (Stewart B. Greenspan of counsel), for appellant.
Kramer, Dillof, Livingston & Moore, New York (Matthew Gaier of counsel), for respondent.

Order, Supreme Court, Bronx County (Elizabeth Taylor, J.), entered November 30, 2022, which denied defendants' motion to change venue to Warren County pursuant to CPLR 510(3), unanimously affirmed, without costs.
The court providently exercised its discretion in denying defendants' motion to change venue (see Leopold v Goldstein, 283 AD2d 319, 320 [1st Dept 2001]). Plaintiff properly placed venue in Bronx County, the County where she resides (CPLR 503[b]). Accordingly, a discretionary change of venue based on the convenience of witnesses will be granted only after there has been a detailed evidentiary showing that the convenience of nonparty witnesses would be served by the granting of such relief (10 Two Trees Lane LLC v Mahoney, 192 AD3d 468, 469 [1st Dept 2021]).
Defendant failed to meet its burden of demonstrating that a change of venue for the convenience of material witnesses was warranted. Defendant submitted affidavits of three law enforcement officers employed by Warren County who were involved in the search of plaintiff's decedent and the recovery of the snowmobile after the accident, and an Emergency Medical Technician employed by the Town of Lake George who rode in the ambulance with the decedent after the accident. The affidavits, which merely set forth brief and vague descriptions of the witnesses' proposed testimony, were insufficient to show that the testimony would be material and relevant to the issue of defendant's liability and damages (see Moghazeh v Valdes-Rodriguez, 151 AD2d 428, 429 [1st Dept 1989]). The witnesses' failure to disclose their complete addresses, however, did not render defendant's motion fatally flawed, since the affidavits reflect that they reside in Warren County (see Kochan v Target Corp., 161 AD3d 499, 500 [1st Dept 2018]).
Defendant also submitted affidavits of three employees who assisted in the search, observed conditions related to the accident, and are familiar with defendant's maintenance and the condition of its dock and facilities. Although these witnesses could provide relevant testimony on material issues, the convenience of employee witnesses is "not a weighty factor" (see Martinez v Dutchess Landaq, Inc., 301 AD2d 424, 425-426 [1st Dept 2003] [internal quotation marks omitted]).
Plaintiff, on the other hand, submitted affidavits of six individuals who accompanied plaintiff's decedent on the trip, all of whom are firefighters employed in Bronx County, and who averred that they would be inconvenienced by having to travel to Warren County to testify. Their affidavits show they could provide relevant testimony as to the material issues of liability and damages. The foregoing weighs in favor of maintaining the action in Bronx County (see Neos v Crabby Joe's, 241 AD2d 337 [1st Dept 1997]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023