**Almazo v Trumbo's Funeral Chapel, Inc.**

2024 NY Slip Op 32240(U)

July 2, 2024

Supreme Court, New York County

Docket Number: Index No. 153647/2023

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. MARY V. ROSADO** | **PART** 33M |
| *Justice* | |

-------------------------------------------------------------------X

PORFIRIO ALMAZO, GABRIELA ALMAZO,

Plaintiff,

- v -

TRUMBO'S FUNERAL CHAPEL, INC.,GARDNER EARL
MEMORIAL CHAPEL, TROY CEMETERY ASSOC. INC.
D/B/A OAKWOOD CEMETERY, BIRCH GROVE
CREMATORY INC.,ABC FUNERAL HOMES, ABC
CEMETERIES AND CREMATORIES, JOHN DOE
FUNERAL HOME DIRECTORS AND/OR OWNERS
AND/OR MANAGERS (#1-#10) (FICTITIOUS NAMES,
INDIVIDUALS AND/OR ENTITIES)

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153647/2023 |
| **MOTION DATE** | 06/08/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17

were read on this motion to/for _____CHANGE VENUE_____.

Upon the foregoing documents, Defendants Gardner Earl Memorial Chapel and Troy Cemetery Assoc. Inc. d/b/a Oakwood Cemetery's ("Oakwood") (collectively "Moving Defendants") motion to change venue from New York County to Rensselaer County is denied.

## I.    Background

Plaintiffs Porfirio Almazo and Gabriela Almazo (collectively "Plaintiffs") bring this action alleging mishandling of Maria Moran's ("Decedent"), remains (*see generally* NYSCEF Doc. 1).

The decedent passed away on April 6, 2020 at Metropolitan Hospital Center in New York County. Plaintiffs contracted Defendant Trumbo's Funeral Chapel to conduct funeral services on or around April 20, 2020. Decedent wished to be cremated and her remains were sent to Oakwood. On April 30th, Plaintiffs were advised that cremation was scheduled for May 4th, 2020. When they received the cremated remains, they realized that the paperwork in the box containing the

**153647/2023  ALMAZO, PORFIRIO ET AL vs. TRUMBO'S FUNERAL CHAPEL, INC. ET AL**
**Motion No.  001**

Page 1 of 4

remains did not match the identifiers of the decedent – notably the date of birth and cremation were incorrect, as was the hospital information. It was later confirmed by Trumbo that there were two decedents with the name "Maria Moran" and there was no way to confirm whether Plaintiffs received the correct cremated remains.

Defendants ask this Court to change venue to Rensselaer County for the convenience of their witnesses. They have proffered one witness who would be inconvenienced, Bernard Vogel (NYSCEF Doc. 13). Plaintiffs oppose and argue venue is proper in New York because a substantial number of events leading up to this lawsuit occurred here: non-appearing defendant Trumbo's Funeral Chapel, Inc. is domiciled in New York, the parties contracted in New York, and that the Plaintiffs would be inconvenienced by being forced to litigate their case almost four hours away in Rensselaer County.

## II.    Discussion

In order to obtain a change of venue in the interest of justice, a movant must show the identity of witnesses, explain why they will be inconvenienced in the properly placed trial, and explain the nature of the anticipated testimony and why that testimony is material (*Cardona v Aggressive Heating Inc.*, 180 AD2d 572, 572 [1st Dept 1992]).The material inconvenience of a party's employee is not a weighty factor in considering a motion for a discretionary change of venue. (*Martinez v Dutchess Landaq, Inc.*, 301 AD2d 424, 425 [1st Dept 2003].)

Here, the Court finds venue should remain in New York County, as Plaintiffs originally and properly designated. There is only one witness who claims he will be inconvenienced. In this digital age where it has become the norm to conduct depositions by Zoom, the Court finds that Mr. Vogel's alleged inconvenience does not outweigh the Plaintiff's choice of forum (*Gissen v Boy Scouts of America*, 26 AD3d 289 [1st Dept 2006]). Moreover, although Trumbo's Funeral Chapel

**153647/2023   ALMAZO, PORFIRIO ET AL vs. TRUMBO'S FUNERAL CHAPEL, INC. ET AL**          **Page 2 of 4**
**Motion No.  001**

2 of 4

[* 2]

has not yet appeared, their employees and agents based in New York County purportedly played a substantial role in coordinating the cremation. They are the party who actually delivered the allegedly incorrect remains. Therefore, New York based witnesses from Trumbo's Funeral Chapel will be highly relevant and would be inconvenienced by a change of venue to Rennselear. The Plaintiffs are also residents of nearby Bronx County and would likewise be inconvenienced.

The Court, in an exercise of its discretion, finds that justice will not be served by forcing grieving parties residing in the Bronx to litigate their case in Rensselaer County when venue is proper and just one defense witness claims to be inconvenienced (*see also Hidalgo v Hoge*, 217 AD3d 410 [1st Dept 2023] [movants failed to show how justice would be promoted by a change of venue]). Therefore, the Defendants' motion to change venue is denied.

Accordingly, it is hereby,

ORDERED that Defendants Gardner Earl Memorial Chapel and Troy Cemetery Assoc. Inc. d/b/a Oakwood Cemetery's motion to change venue from New York County to Rensselaer County is denied; and it is further

ORDERED that the parties are directed to submit a proposed preliminary conference order to this Court via e-mail to SFC-Part33-Clerk@nycourts.gov on or before August 7, 2024. In the event the parties are unable to agree to a proposed preliminary conference order, the parties are directed to appear for an in-person preliminary conference with the Court on August 14, 2024 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

*[The remainder of this page is intentionally left blank.]*

**153647/2023 ALMAZO, PORFIRIO ET AL vs. TRUMBO'S FUNERAL CHAPEL, INC. ET AL**
Motion No. 001

Page 3 of 4

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 7/2/2024 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | *My V Rosa JSC* | | |
| | | | | **HON. MARY V. ROSADO, J.S.C.** | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**153647/2023   ALMAZO, PORFIRIO ET AL vs. TRUMBO'S FUNERAL CHAPEL, INC. ET AL**
**Motion No.  001**

Page 4 of 4

4 of 4

[* 4]