Nir v Wakeford (2025 NY Slip Op 02012)

Nir v Wakeford

2025 NY Slip Op 02012

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Pitt-Burke, Michael, JJ. 

Index No. 952315/23|Appeal No. 4046|Case No. 2024-05223|

[*1]Sarah Maslin Nir, Plaintiff-Appellant,
v
Garth Wakeford, Defendant-Respondent.

Hecker Fink LLP, New York (Anne R. Yearwood of counsel), for appellant.
Kaplan Levenson P.C., New York (Steven M. Kaplan of counsel), for respondent.

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered on or about July 16, 2024, which granted defendant's motion to change venue pursuant to CPLR 503(a) and 510(3) from New York County to Suffolk County, unanimously reversed, on the law and the facts, with costs, and the motion denied.
Plaintiff properly placed venue of this action brought under the Adult Survivors Act (CPLR 214-j), in New York County, the county where she resides (see CPLR 503[a]). Defendant failed to demonstrate that a change of venue was warranted based on the convenience of material witnesses. In support of his motion to change venue, defendant argued that, since the underlying alleged sexual assault occurred in Suffolk County, most material witnesses will be located there. Defendant's counsel identified four allegedly material witnesses who live and work in Suffolk County. However, he contacted only two of those witnesses directly, and he failed to show that the two witnesses who were not contacted would be inconvenienced (see Rodriguez-Lebron v Sunoco, Inc., 18 AD3d 275, 276 [1st Dept 2005]; Hernandez v Rodriguez, 5 AD3d 269, 270 [1st Dept 2004]).
As to one of the witnesses whom counsel contacted, he failed to assert that the witness stated he would be inconvenienced by having to testify in New York County (see Gissen v Boy Scouts of Am., 26 AD3d 289, 291 [1st Dept 2006]). As to the other witness who was contacted, a detective in Suffolk County, defendant's counsel averred that the witness stated he would be inconvenienced by having to testify in New York County. In opposition, plaintiff's counsel averred that she spoke to the detective, who denied ever making that statement and, instead, told her that, while it would be easier to testify in Suffolk County, it would not be a burden to testify in New York County. The "mere fact that the courthouse is in a different county does not give rise to a presumption that a witness will be inconvenienced" (Pollack v St. Francis Hosp., 202 AD3d 453, 453 [1st Dept 2022]; see also Gersten v Lemke, 68 AD3d 681 [1st Dept 2009]). Contrary to defendant's contention, the fact that the witnesses are police officers does not negate the argument that distance alone is insufficient to justify a change of venue (see e.g. Morrison v Lawler, 290 AD2d 370, 370 [1st Dept 2002]; Martinez v Dutchess Landaq, Inc., 301 AD2d 424, 426 [1st Dept 2003]).
In addition, although "the general preference" in a transitory action is to try the case where the cause of action arose, defendant is not entitled to a discretionary change of venue on that basis, since he has not established "the requisite contact with the witnesses" and "the basis for their inconvenience" (Montero v Elrac, Inc., 300 AD2d 9, 9-10 [1st Dept 2002]; see also Feinberg v Osczepinski, 280 AD2d 434, 435 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025