**Scalea v 209 New Chalet Dr. LLC**

2026 NY Slip Op 30665(U)

February 19, 2026

Supreme Court, New York County

Docket Number: Index No. 158923/2025

Judge: Matthew V. Grieco

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. MATTHEW V. GRIECO**              PART                     **30M**

*Justice*

-------------------------------------------------------------------------X

SOYONG SCALEA,                                       INDEX NO.          158923/2025

                           Plaintiff,             MOTION DATE         01/29/2026

                - v -                  MOTION SEQ. NO.          001

209 NEW CHALET DRIVE LLC,EAGLE ROCK
APARTMENTS AT MOHEGAN LAKE, EAGLE ROCK              **DECISION + ORDER ON**
ADVISORS LLC                                             **MOTION**

                   Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19

were read on this motion to/for                          CHANGE VENUE                          .

Plaintiff's summons designated New York County for trial, based on the principal place of business of defendant Eagle Rock Advisors LLC (*see* CPLR 503). It appears that that is the only basis for placing venue in New York County, as plaintiff is a resident of Westchester County, which is also where the slip/trip and fall incident giving rise to the action occurred, and neither of the other two defendants is a resident of New York County.

Defendants timely demanded and moved for a change of venue (CPLR 511) to Westchester County on the grounds of improper venue (CPLR 510[1]) and the convenience of the material witnesses (CPLR 510[3]).

Defendants concede that Eagle Rock Advisors LLC is a resident of New York County. They maintain, however, that it does not own or operate the accident premises, it did not play any role in the happening of the incident, and that its only connection is "merely an affiliat[ion]" with the owner, defendant 209 New Chalet Drive LLC, a

[* 1]

Delaware limited liability company with "offices" in Nassau County (NYSCEF Doc. No. 14, Aff in Support of Motion ¶¶ 9-10). They assert that named defendant Eagle Rock Apartments at Mohegan Lake is not a legal entity, and that the property is managed by non-party Eagle Rock Management LLC, a New York limited liability company with "offices" in Nassau County (NYSCEF Doc. No. 14, Aff in Support of Motion ¶¶ 3, 10). Defendants state that they related that information to plaintiff's attorney, who purportedly expressed an interest in adding Eagle Rock Management LLC as a defendant but declined to discontinue the action against Eagle Rock Advisors LLC.

In support of their position that Eagle Rock Advisors LLC is not a proper defendant, defendants have submitted a property management agreement for the accident premises entered into by 209 New Chalet Drive LLC as owner and Eagle Rock Management LLC as manager (NYSCEF Doc. No. 18, Agreement). That document, however, does not conclusively establish that there is no valid basis for potentially holding Eagle Rock Advisors LLC liable, nor does the affirmation of counsel, who lacks personal knowledge of the essential facts (*see Guzman v Mike's Pipe Yard*, 35 AD3d 266 [1st Dept 2006]). Accordingly, defendants "failed to sustain their burden of showing, by competent proof, that plaintiff's choice of venue … was improper" (*New York Marine & Gen. Ins. Co. v Wesco Ins. Co.*, 213 AD3d 461 [1st Dept 2023]). In any event, "[w]here venue is initially placed on the basis of the principal place of business of an improper party, a motion to change venue should be granted after the action is dismissed as against the improper party" (*Chow v Long Island R.R.*, 202 AD2d 154, 155 [1st Dept 1994]; *see Crew v St. Joseph's Med. Ctr.*, 19 AD3d 205, 206 [1st Dept 2005] ["[w]here venue is placed on the basis of naming an improper party, a motion to change venue

[* 2]

should be granted upon the dismissal of that party"]). Accordingly, defendants' application grounded in improper venue is, at the least, premature.

Alternatively, defendants seek to change venue for the convenience of material witnesses and to promote the ends of justice (CPLR 510[3]). They note that plaintiff resides in Westchester and the incident took place there. They believe that all her medical treatment was rendered in Westchester, presume that "many …, if not all," her liability witnesses were neighbors in her housing complex (NYSCEF Doc. No. 14, Aff in Support of Motion ¶ 15), and state that their own employees all work and reside in Westchester. However, "[m]ere general statements as to witness inconvenience are not enough" (*Timan v Sayegh*, 49 AD3d 274 [1st Dept 2008]). Even if defendants' vague portraits could be construed as adequately identifying the identities of the witnesses and the materiality of their anticipated testimony, they have not made the requisite detailed evidentiary showing that such witnesses have been contacted and are willing to testify, or the manner in which the witnesses would be inconvenienced absent a change in venue (*10 Two Trees Lane LLC v Mahoney*, 192 AD3d 468 [1st Dept 2021]; *Thomas v Kane Const. Group Inc.*, 153 AD3d 1189 [1st Dept 2017]). As to defendants' assertion that their employees work and reside in Westchester, "[t]he convenience of [a] defendant's employees is not a weighty factor" (*Rollinson v Pergament Acquisition Corp.*, 228 AD2d 186 [1st Dept 1996]). Defendants' argument is also undermined by their failure to submit affidavits from any of the witnesses (*see Sanchez v 1 Burgess Road, LLC*, 169 AD3d 605 [1st Dept 2019]; *see also McConville v Makita U.S.A., Inc.*, 204 AD2d 206 [1st Dept 1994] [the "convenience [of plaintiff's treating physician] should be a matter of plaintiff's, not defendant's, solicitude"]; *Rollinson*, 228 AD2d at 186 [court "skeptical of any expression of concern by defendant for plaintiff's treating physician"]).

158923/2025 SCALEA, SOYONG vs. 209 NEW CHALET DRIVE LLC ET AL
Motion No. 001

Page 3 of 4

[* 3]

Upon the foregoing, it is

ORDERED that the motion for a change of venue is denied without prejudice if Eagle Rock Advisors LLC is dismissed as a party to this action.

| 2/19/2026 | | | |
| --- | --- | --- | --- |
| DATE | | MATTHEW V. GRIECO, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- |
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |