■ TIMBER HILL ASSOCIATES, LTD., Respondent, v RUSSELL D. SHULTIS, Appellant.—Order, Supreme Court, New York

County (C. Beauchamp Ciparick, J.), entered May 3, 1989, which denied defendant's motion for change of venue from New York County to Ulster County, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the motion to transfer venue is granted, without costs.

In this action, plaintiff, Timber Hill Associates, Ltd. (Timber), seeks compensatory and punitive damages against defendant, Russell D. Shultis, on the basis of alleged misrepresentations by Shultis which may have adversely affected a land use request submitted by Timber to the Planning Board of the Town of Esopus in Ulster County, New York. The realty in question is a 20-acre parcel of land situated in Esopus.

In denying defendant's motion pursuant to CPLR 510 (3) for a change of venue from New York County to Ulster County on grounds of convenience of witnesses, the IAS Part held that defendant had failed to make a showing sufficient to warrant such a transfer. We disagree.

The record establishes that in support of his motion, defendant listed nine witnesses, all residents of Ulster County, providing their names, addresses and occupations. In addition, defendant summarized the substance of the witnesses' expected testimony and stated, upon advice of counsel, that the witnesses were material to the defense of this action. This showing was sufficient to establish that the convenience of necessary witnesses would be promoted by the transfer. *(Thomas v Small,* 121 AD2d 622; *Williamsburg Steel Prods. Co. v Shevlin-Manning, Inc.,* 90 AD2d 550.)

Moreover, New York County, which was designated by plaintiff on the basis of its corporate residence *(see,* CPLR 503 [c]), bears no relationship whatsoever to the controversy. The bulk of the evidence and the majority of the witnesses are located in Ulster County, which is both where the property is situated and where the claimed misrepresentations were made. We have repeatedly held that, "all things being equal, a transitory action should be tried in the county in which the cause of action arose" *(McGuire v General Elec. Co.,* 117 AD2d 523), and this rule is "predicated on the convenience of material witnesses". *(Boriskin v Long Is. Jewish-Hillside Med. Center,* 85 AD2d 523.) Here, "the county with the preponderance of witnesses is the county in which the cause of action arose, [and] venue should be therein placed". *(Seabrook v Good Samaritan Hosp.,* 58 AD2d 538.)

Accordingly, we hold that it was an abuse of discretion for the court to have denied defendant's motion to transfer the

action to Ulster County. *(See, Paddock Constr. v Thomason Indus. Corp.,* 133 AD2d 20, 22.) Concur—Murphy, P. J., Asch, Kassal and Rosenberger, JJ.