(February 27, 1992)

■ JOSE CARDONA et al., Appellants, v AGGRESSIVE HEATING INC., Respondent and Third-Party Plaintiff, et al., Defendant, et al., Third-Party Defendant.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered on or about June 7, 1990, which granted defendant-respondent's motion to change venue from Bronx County to New York County, unanimously reversed, on the law, the facts and in the exercise of discretion and the motion denied, without costs.

Plaintiff Jose Cardona was injured while working as a building superintendent at 230 East 123rd Street in Manhattan when a boiler, which was being repaired by an employee of defendant-respondent Aggressive Heating Inc. ("Aggressive"), exploded. Plaintiffs commenced the within action on May 2, 1988 and designated Bronx County as the place of venue based upon their residence in that county (see, CPLR 503).

In February, 1990, Aggressive moved for a change of venue to New York County pursuant to CPLR 510 (3), which provides that the court, upon motion, may change venue where "the convenience of material witnesses and the ends of justice will be promoted by the change." In support of its motion, Aggressive noted that the accident had occurred in New York County, that the transfer would "promote the convenience" of non-party witnesses who lived or worked in New York County, and that plaintiffs no longer resided in Bronx County. The court granted the motion, on the grounds that, "[i]n view of the convenience of witnesses it would appear that the ends of justice would be better promoted by a change in venue to New York County."

We find that the court improvidently exercised its discretion in granting the motion. Upon a motion made pursuant to CPLR 510 (3), the movant bears the burden of demonstrating that the convenience of material witnesses would be better served by the change (Chimarios v Duhl, 152 AD2d 508). This showing must include (1) the identity of the proposed witnesses, (2) the manner in which they will be inconvenienced by a trial in the county in which the action was commenced, (3) that the witnesses have been contacted and are available and willing to testify for the movant, (4) the nature of the anticipated testimony, and (5) the manner in which the anticipated testimony is material to the issues raised in the case (Weisemann v Davison, 162 AD2d 448; Stavredes v United Skates, 87 AD2d 502).

In this case, the claim that the identified witnesses, who either lived or worked in upper New York County, would be inconvenienced by having to testify at the Bronx County courthouse rather than at the New York County courthouse is, without further explanation, "ludicrous on its face" *(Rodriguez v Ryder Truck Rental,* 100 AD2d 811 [No. 2]).

Aggressive also argues that the court's order should be sustained because the cause of action arose in New York County. However, while the fact that the cause of action arose in a particular county is a factor to be considered, it must be supported by a showing, *inter alia,* of the inconvenience which would be sustained by the witnesses if required to testify in the county of original venue *(Coles v LaGuardia Med. Group,* 161 AD2d 166). In this case, no such showing has been made and the mere fact that the action arose in New York County, standing on its own, was insufficient to justify the change of venue.

Finally, Aggressive contends that plaintiffs no longer live in Bronx County and, since that county therefore no longer has any nexus with the action, venue should be in New York County. However, a plaintiff who has designated a county of appropriate venue is under no obligation to make any showing that the county designated is in any way preferable to the one to which the change is sought unless and until the party seeking the change has made an adequate showing as to the convenience of material witnesses and the furtherance of justice. Here, Bronx County was properly designated since it was the plaintiffs' county of residence at the time the action was commenced (CPLR 503 [a]) and, as indicated, defendant failed to make the requisite showing. Concur—Murphy, P. J., Sullivan, Milonas, Ellerin and Smith, JJ.