■ MANUEL ALVAREZ, Appellant, v D & K CONSTRUCTION, INC., Respondent and Third-Party Plaintiff-Respondent. VOLMAR CONSTRUCTION, INC., et al., Third-Party Defendants-Respondents. [633 NYS2d 774] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered June 10, 1994, which, *inter alia*, granted the motion of third-party defendant-respondent Volmar Construction, Inc., and cross motion of defendant D & K Construction, Inc., to change venue to Rockland County and denied plaintiff's motion to retain venue in Bronx County, unanimously modified, on the law, the facts, and in the exercise

of discretion, to deny the motion of Volmar Construction, Inc., and cross motion of D & K Construction, Inc., and to grant the plaintiff's motion to retain venue in Bronx County, and otherwise affirmed, without costs.

The original parties to this action all resided outside of New York State when it was commenced, therefore venue was properly placed in the county designated by the plaintiff, Bronx County (CPLR 503 [a]). It is well settled that upon a motion made pursuant to CPLR 510 (3), the movant bears the burden of demonstrating that the convenience of witnesses would be better served by the change (*Cardona v Aggressive Heating*, 180 AD2d 572; *Chimarios v Duhl*, 152 AD2d 508). This showing must include (1) the identity of proposed witnesses, (2) the manner in which they will be inconvenienced by trial in the county in which the action was commenced, (3) that the witnesses have been contacted and are available and willing to testify for the movant, (4) the nature of the anticipated testimony, and (5) the manner in which the anticipated testimony is material to the issues raised in the case (*Cardona v Aggressive Heating, supra; Stavredes v United Skates*, 87 AD2d 502). Moreover, a plaintiff who has designated a proper venue is under no obligation to make a showing that the county designated is in any way preferable to the one to which the change is sought, unless and until the party seeking the change has made an adequate showing as to the convenience of material witnesses and the furtherance of justice (*Cardona v Aggressive Heating, supra*, at 573).

In the present case, neither the movant nor cross movant on the motions to change venue sufficiently demonstrated the nature of the proposed witnesses' testimony or the manner in which these witnesses might be inconvenienced by trial of the action in Bronx County. In fact, it was noted in the trial court's memorandum decision that the movant and cross movant "have apparently never contacted any of [the] witnesses listed but evidently * * * acquired their names from the various reports submitted on this incident". The motions to change venue should have been denied upon that finding alone. We do not address the portion of the order appealed which denied other motions and cross motions of the parties with leave to renew in Rockland County since, in view of the retention of venue in Bronx County, the trial court should pass on the merits of these motions in the first instance. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Nardelli, JJ.