■ CELESTE DORES et al., Respondents, v NEW YORK MEDICAL GROUP, P. C., et al., Appellants. [686 NYS2d 407] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered January 26, 1998, which denied the motion of defendant Mohammed and the cross motion of remaining defendants for change of venue from Bronx County to Westchester County, unanimously affirmed, with costs.

On a motion for change of venue on the basis of convenience of witnesses, the movant bears the burden of demonstrating that the convenience of the witnesses would be served by a change (*Alvarez v D & K Constr.*, 221 AD2d 224). Here, blatantly absent from the motions is any evidence of the identity of the witnesses; that the witnesses were contacted and are willing to testify; the manner in which they will be inconvenienced; or the nature of the testimony and its materiality (*Heinemann v Grunfeld*, 224 AD2d 204; *Fernandes v F.N. Projects*, 214 AD2d 525; *Cardona v Aggressive Heating*, 180 AD2d 572). Therefore, the defendants' motions were properly denied for failure to meet their burden.

The motion court also properly denied the branch of the cross motion requesting change of venue pursuant to CPLR 510 (1) and 511 as untimely. Defendants served a timely demand and plaintiff opposed it. The statute provides that a motion for change of venue must be made within 15 days after a defendant serves such demand. The cross motion was brought over 16 months after service and the request for relief was thus untimely (*see*, *Singh v Becher*, 249 AD2d 154). Defendants' excuse that they relied upon the erroneous affirmation submitted by plaintiffs in response to the demand is unavailing. Plaintiffs had inaccurately stated in the responding affirmation that the corporate filings of the defendant New York Medical Group and its predecessor organization had designated Bronx County as the principal place of business. In fact, there were two amended certificates of incorporation subsequently filed which changed the principal place of business to Westchester County. Defendants are disingenuous when they rely upon this statement as an excuse for failure to bring a timely motion. They must be charged with the knowledge of their own principal place of business. Concur—Rosenberger, J. P., Lerner, Rubin and Mazzarelli, JJ.