■ ROSA B. RODRIGUEZ et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents. GOMACO CORPORATION, INC., Third-Party Plaintiff, v PETER SCALAMANDRE & SONS CO., INC., Third-Party Defendant-Respondent. [740 NYS2d 323] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered October 3, 2001, which granted motions by defendant and third-party plaintiff Gomaco Corporation and defendant Mill Rental Corp. for a change of venue from Bronx County to Queens County, and denied plaintiff's cross motion for retention of venue in Bronx County, unanimously reversed, on the law, without costs, the motions for change of venue denied and the cross motion granted.

Even though the allegedly wrongful death took place at JFK International Airport, in Queens County, venue is properly lodged, in an action against the Port Authority, in the Bronx or any other county that lies wholly or partially within the Port of New York district (McKinney's Uncons Laws of NY § 7106 [L 1950, ch 301, § 6]). An untimely demand or motion for change

of venue (*see* CPLR 511) may be granted where it is demonstrated that the plaintiff has made misleading statements as to his or her actual place of residence (*Philogene v Fuller Auto Leasing*, 167 AD2d 178), which was not the case here (*see, Berberich v York Scaffold Equip. Corp.*, 177 AD2d 451).

Defendants point to the court's discretionary authority to change the place of trial where "the convenience of material witnesses and the ends of justice" will thereby be promoted (CPLR 510 [3]). However, in order for the court to exercise its discretion, the moving party must provide detailed justification for such relief in the form of the identity and availability of proposed witnesses, the nature and materiality of their anticipated testimony, and the manner in which they would be inconvenienced by the initial venue (*Cardona v Aggressive Heating*, 180 AD2d 572). Without this showing of inconvenience, the IAS court improvidently exercised its discretion in granting a change of venue that had been properly laid by statute. (*See, Iassinski v Vassiliev*, 220 AD2d 372.) Concur— Saxe, J.P., Rosenberger, Ellerin, Wallach and Marlow, JJ.