■ FARIANNY GERALDINO et al., Appellants, v COCA-COLA BOTTLING OF NEW YORK, INC., et al., Respondents. [751 NYS2d 443] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered October 10, 2001, which, in an action for personal injuries sustained when infant plaintiff was hit by a truck owned and operated by defendants, granted defendants' motion pursuant to CPLR 510 (3) to change venue from Bronx County to New York County, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion denied.

In this personal injury action involving a pedestrian knockdown which occurred in New York County, infant plaintiff properly placed venue in Bronx County in the first instance (*see* CPLR 503 [a]). Subsequently, defendants sought a venue change to New York County, based on the convenience of material witnesses. The court granted the motion on the ground that defendants satisfied their burden of demonstrating that the convenience of material witnesses would be better served by the change.

Counsel's bare allegation, in support of defendants' motion, that the witness, who resides on the upper west side of New York County and works as a home health care provider in New York County, "would be inconvenienced if venue of this action remained in Bronx County" is "ludicrous on its face" (*Rodriguez v Ryder Truck Rental*, 100 AD2d 811, 811; *accord Cardona v Aggressive Heating*, 180 AD2d 572). Under these circumstances, to grant a venue change from the Bronx to New York County, "a subway ride away, constitutes an improvident exercise of discretion. Viewed realistically, this motion is nothing more than * * * 'forum shopping.'" (*Rodriguez, supra*, 100 AD2d at 811.) Concur—Williams, P.J., Nardelli, Andrias and Marlow, JJ.