■ RAPHAEL MARIN, Appellant, v LEVIN PROPERTIES, L.P., et al., Respondents. [760 NYS2d 509] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated June 18, 2002, which granted the defendants' motion to change venue of the action from Kings County to Suffolk County.

Ordered that the order is reversed, with costs, the motion is denied, and the Clerk of the Supreme Court, Suffolk County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The Supreme Court erred in granting the defendants' motion to change venue of the action from Kings County to Suffolk County. Contrary to the defendants' contention, the plaintiff properly placed venue of this action in Kings County. Since the record establishes that none of the parties resided in the state at the time the action was commenced, the plaintiff was free to designate any county for venue (*see* CPLR 503 [a]). In addition, the defendants failed to establish the criteria needed to demonstrate their entitlement to a change of venue based on the convenience of material witnesses pursuant to CPLR 510 (3) (*see O'Brien v Vassar Bros. Hosp.,* 207 AD2d 169, 172-173 [1995]). There being no other claimed basis to change venue, the motion should have been denied. Altman, J.P., Krausman, Goldstein, H. Miller and Crane, JJ., concur.