■ ANTHONY J. AGUANNO, Appellant, v EMMANUEL KOSTOPOULOS, et al., Defendants, and NILT, INC., Defendant and Third-Party Plaintiff-Respondent. KIMBERLY GERMANO, Third-Party Defendant-Respondent. [768 NYS2d 212]—

Order, Supreme Court, New York County (Milton Tingling, J.), entered July 18, 2003, which granted third-party defendant's motion for change of venue to Nassau County, unanimously affirmed, without costs.

The only connection with the initial venue was the designation by the foreign corporate defendant (the owner of the vehicle), in an application for authority to do business in New York, filed with the Department of State in July 1998, that the principal corporate office would be located in New York County (*see* Business Corporation Law § 1304 [a] [5]). By contrast, all of the individual parties and witnesses, including the officer who investigated at the scene, reside and/or work in Nassau County, where the accident occurred. In a transitory action such as this (*see Slavin v Whispell*, 5 AD2d 296 [1958]), the place of the corporate residence, which bears no relationship to this controversy whatsoever, is far less significant than the location of the bulk of the evidence and the witnesses in the venue where the cause of action arose (*Timber Hill Assoc. v Shultis*, 157 AD2d 579 [1990]). Concur—Buckley, P.J., Andrias, Saxe, Williams and Gonzalez, JJ.