**Paulette A. Kennedy**, Individually and as Administratrix of the Estate of **Oshan Litchmore**, et al., Respondents, v C.F. **Galleria at White Plains**, L.P., et al., Appellants and Third-Party Plaintiffs-Respondents, et al., Defendants. **City of White Plains** et al., Third-Party Defendants-Appellants. [769 NYS2d 526]—

Order, Supreme Court, Bronx County (Paul Victor, J.), entered February 26, 2003, which, in an action for wrongful death and other personal injuries, denied third-party defendants' motion for summary judgment dismissing the third-party complaint or, in the alternative, for a change of venue to Westchester County,

and denied defendants-appellants' cross motion for a change of venue to Westchester County, unanimously modified, on the law and the facts, to grant the motion and cross motion insofar as to change the action's venue, and otherwise affirmed, without costs.

The motion court's denial of the venue change was improvident in light of the movants' demonstration that the convenience of material nonparty witnesses would be better served by the change (*see Cardona v Aggressive Heating*, 180 AD2d 572 [1992]). Defendants-appellants submitted the affidavits of three White Plains police officers, who affirmed that they had responded to the scene of the shooting and prepared reports of the incident based on their investigations. The police reports show that the testimony of these officers would be material, since they were among the first officers to respond, secure the scene, and interview witnesses. Their testimony presumably would also be highly relevant to the allegation in the third-party complaint that third-party defendants did not properly secure the vestibule area, in accordance with the agreement between the third-party litigants.

The officers also affirmed that they would be inconvenienced by having to travel to Bronx County during their normal business hours and during heavy traffic conditions, and that attending a Bronx trial would cause them to be absent from their police duties for a full day. The convenience of public employees and the use of public records at trial should be given more than ordinary consideration (*see Powers v East Hudson Parkway Auth.*, 75 AD2d 776 [1980]).

The court properly concluded that issues of fact remain as to, among other things, whether third-party defendants-appellants owned the area where the shooting occurred and whether those parties engaged in a proprietary activity by operating the garage. Concur—Nardelli, J.P., Tom, Mazzarelli and Ellerin, JJ.