■ Susan Argano, Appellant, v Peter Scuderi et al., Defendants, and Constance B. Norbeck, Respondent. [774 NYS2d 323]—

Order, Supreme Court, New York County (Milton Tingling, J.), entered May 21, 2003, which granted defendant Norbeck's motion to change venue of this action to Suffolk County, unanimously reversed, on the law, without costs, the motion denied and the transfer order vacated.

In this personal injury action resulting from a one-car accident, the motion court improvidently exercised its discretion in granting defendant Norbeck's motion to transfer venue to Suffolk County, notwithstanding the fact that the accident occurred there. Norbeck has not disputed plaintiff's assertion that codefendant Scuderi is a New York County resident so that venue was properly designated in New York County in the first instance based on the residence of a party (CPLR 503 [a]).

Further, Norbeck failed to establish the criteria needed to demonstrate her entitlement to a discretionary change of venue based on the convenience of material witnesses pursuant to CPLR 510 (3) (*Darcy v Adco Elec.*, 303 AD2d 359 [2003]; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 172-173 [1995]; *Cardona v Aggressive Heating*, 180 AD2d 572, 572-573 [1992]). Norbeck has made no showing of the identity and availability of proposed nonparty witnesses, the nature and materiality of their proposed testimony and the manner in which they would be inconvenienced by the initial venue (*see Martinez v Dutchess Landaq*, 301 AD2d 424, 425 [2003]; *Rodriguez v Port Auth.*, 293 AD2d 325, 326 [2002]; *cf. Kennedy v C.F. Galleria at White Plains*, 2 AD3d 222 [2003]; *Edney v Raymond Corp.*, 303 AD2d 336 [2003]).

*Aguanno v Kostopoulos* (2 AD3d 177 [2003]) is not to the contrary. In that case, the only connection to New York County was that a foreign corporate defendant had filed a designation with the New York Department of State stating that its principal corporate office would be in New York County. In addition, in *Aguanno* (2 AD3d at 177) there was evidence that all of the individual parties and witnesses lived or worked in Nassau County, where venue was transferred, while no such evidence was offered in this case. Concur—Andrias, J.P., Saxe, Sullivan and Gonzalez, JJ.