(July 15, 2004)

■ JUDITH JACOBS et al., Appellants, v BANKS SHAPIRO GETTINGER WALDINGER & BRENNAN, LLP, et al., Respondents. [780 NYS2d 582]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered August 27, 2003, which granted defendants' motion to change the venue of this action from New York County to Westchester County pursuant to CPLR 510, unanimously reversed, on the law, without costs, and the motion denied.

This is a legal malpractice action in which plaintiffs, owners of a country home in Westchester County, claim that their legal opposition to a neighbor's proposed property subdivision in that county became time-barred when their counsel allowed a critical statutory deadline to pass without interposing their claim. Plaintiffs reside and defendants have offices in New York County. While it is undisputed that plaintiffs demonstrated venue was properly in New York County based on their residence, defendants alleged that venue should be changed to Westchester County as a matter of convenience since the property is located there, all significant events transpired there, and all nonparty material witnesses reside or work in Westchester County.

A change of venue based on the convenience of witnesses may only be granted after there has been a detailed evidentiary showing that the convenience of nonparty witnesses would in fact be served by the granting of such relief (*O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169 [1995]; *Kraft v Kamalian*, 290 AD2d 264 [2002]). The affidavit in support of such motion must contain the names, addresses and occupations of the prospective witnesses, must disclose the facts to which the proposed witnesses will testify at the trial, must show that the proposed witnesses are, in fact, willing to testify and must show how the proposed witnesses would be inconvenienced in the event that a change of venue is not granted.

Defendants did not even indicate that they had contacted the nonparty witnesses, much less identify the specific inconveniences which might be incurred by the witnesses, and such inadequacies render defendants' moving papers insufficient as a matter of law (*see Goldberg v Bivins*, 295 AD2d 162 [2002]; *Carrozza v Galleria Mall at White Plains*, 292 AD2d 279 [2002]; *Iassinski v Vassiliev*, 220 AD2d 372 [1995]). Any assertion that any particular witness would be inconvenienced could only be based on speculation. We have considered defendants' other arguments and find them to be without merit. Concur—Buckley, P.J., Lerner, Friedman and Marlow, JJ.