■ THAIS BOLLMAN, Individually and as Administratrix of the Estate of ROBERT BOLLMAN, Deceased, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents, et al., Defendant. [796 NYS2d 334]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered March 16, 2004, which granted defendants-respondents' motion to transfer venue from Bronx County to Queens County, unanimously reversed, on the law, without costs, the motion denied and the transfer order vacated.

The decedent was killed in a work-related accident at John F. Kennedy International Airport, located in Queens County. Plaintiff brought this negligence action against a number of defendants, including the Port Authority, in Bronx County. The basis for venue was a law specifically applicable to the Port Authority, which provides that venue shall be laid in any county "situated wholly or partially within the port of New York district" (McKinney's Uncons Laws of NY § 7106 [L 1950, ch 301, § 6]). The IAS court transferred the action to Queens County, pursuant to CPLR 505 (a), which provides, more generally, that "[t]he place of a trial of an action by or against a public authority constituted under the laws of the state shall be in the county in which the authority has its principal office or where it has facilities involved in the action." The court erred in ordering transfer of the action pursuant to CPLR 505 (a). "A special statute which is in conflict with a general act covering

the same subject matter controls the case and repeals the general statute insofar as the special act applies" (McKinney's Cons Laws of NY, Book 1, Statutes § 397). Accordingly, section 7106 governs this action, which was properly venued in Bronx County in the first instance (*Rodriguez v Port Auth. of N.Y. & N.J.*, 293 AD2d 325 [2002]).

Although the decedent's accident occurred in Queens County, defendants did not provide the requisite justification for a discretionary transfer of venue pursuant to CPLR 510 (3). Defendants failed to identify proposed witnesses who were located in Queens County, to detail the nature and materiality of any anticipated testimony, or to describe how the parties and the witnesses would be inconvenienced by placing venue in the Bronx (*Rodriguez*, 293 AD2d at 326; *Argano v Scuderi*, 6 AD3d 211 [2004]). Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Sweeny, JJ.