■ MARIBEL RODRIGUEZ-LEBRON et al., Appellants, v SUNOCO, INC., Respondent. [795 NYS2d 26]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 14, 2004, which granted defendant's motion to change venue from New York County to Orange County, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion denied and the transfer order vacated.

---

* Plaintiff alleges that Eurest, the successor company to Flik, assumed all liability of the former company.

Plaintiff, a resident of Ulster County, was injured when she slipped on an oil spot at a Sunoco gas station in Orange County. She venued this personal injury action in New York County because Sunoco's principal place of business is located there. Defendant moved for a discretionary transfer of venue pursuant to CPLR 510 (3), which allows the court, upon motion, to change the venue of the action where "the convenience of material witnesses and the ends of justice will be promoted by the change."

The proponent of a motion to transfer venue pursuant to CPLR 510 (3) must demonstrate "that the convenience of material witnesses would be better served by the change" (*Cardona v Aggressive Heating*, 180 AD2d 572, 572 [1992]). In doing so, the moving party must set forth: "(1) the identity of the proposed witnesses, (2) the manner in which they will be inconvenienced by a trial in the county in which the action was commenced, (3) that the witnesses have been contacted and are available and willing to testify for the movant, (4) the nature of the anticipated testimony, and (5) the manner in which the anticipated testimony is material to the issues raised in the case" (*id.*).

Defendant submitted an attorney's affirmation naming three proposed witnesses, all former Sunoco employees, who were working at the station where plaintiff fell at the time of the accident. Two live in Newburgh, which is in Orange County. The third lives in New Paltz, which is in Ulster County. Defendant argued, based upon its attorney's affirmation, that the case was more appropriately venued in Orange County.

However, defendant did not submit affidavits from the witnesses themselves, and from the information in the record it is impossible to determine the substance of their testimony, or to evaluate its relevance. Further, there was no indication that defendant had even contacted the witnesses to determine whether they were willing and available to testify, or that they would be inconvenienced by a trial in New York County (*Jacobs v Banks Shapiro Gettinger Waldinger & Brennan, LLP*, 9 AD3d 299, 300 [2004]; *Argano v Scuderi*, 6 AD3d 211 [2004]).

Accordingly, while the facts of the case might appear to support a change of venue, defendant's failure to meet the requirements set forth in *Cardona* (*supra*) requires that the action remain in New York County, where it was properly venued in the first instance (CPLR 503 [a]). Concur—Tom, J.P., Mazzarelli, Friedman, Gonzalez and Catterson, JJ.