■ Cynthia Hoogland, as Administratrix ad Prosequendum of the Estate of Peter Malkin, Deceased, et al., Appellants, v Transport Expressway, Inc., et al., Respondents, et al., Defendant. (And a Third-Party Action.) Denise Malkin, Appellant, v Transport Expressway, Inc., et al., Respondents, et al., Defendant. [808 NYS2d 160]—

Orders, Supreme Court, New York County (Milton A. Tingling, J.), both entered August 19, 2004, which, in each action, granted the motion of defendants Nippon Yusen Kabushiki Kaishi and NYK Line (North America) Inc. to change venue from New York to Orange County, unanimously affirmed, without costs.

The motion court correctly granted defendants' motions to change venue since defendants made the requisite showing that retention of the actions in New York County would inconvenience nonparty material witnesses (*see* CPLR 510 [3]; *Rodriguez-Lebron v Sunoco, Inc.*, 18 AD3d 275, 276 [2005]). Defendants submitted the affidavits of a New York State

Trooper, the Cornwall Fire Department Chief and two paramedics who affirmed that they had responded to the scene of the multivehicle accident in Orange County, New York, and prepared reports concerning their actions at the scene. These nonparty witnesses also indicated that they would be willing to testify in these cases, but that they would be inconvenienced by having to take a day off from their public service jobs to travel to New York County to testify. Inasmuch as the testimony of the Trooper and the Fire Chief will bear on liability, and the paramedics have testimony respecting the injuries sustained in the accident, these witnesses' testimony is material and it was proper for the court to consider their convenience (*see Kennedy v C.F. Galleria at White Plains*, 2 AD3d 222, 223 [2003]). Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.