■ PAMELA FORD, Respondent, v BRUCE CHAPMAN et al., Appellants. [807 NYS2d 53]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered February 16, 2005, which, in an action for personal injuries allegedly sustained at a self-defense seminar conducted by defendants in Albany County, denied defendants' motion pursuant to CPLR 510 (3) to change venue from Bronx County to Albany County, unanimously affirmed, without costs.

Most of the 17 affidavits from seminar participants submitted by defendants in support of the motion state, in identical language, that the affiant "personally observed and witnessed

[plaintiff] throughout the course of the seminar, and do[es] not recall any injuries to any participant." The remaining affidavits, except for that of the seminar's trainer, disclaim knowing who plaintiff is but do state that the affiant does not recall any participant being injured. The trainer's affidavit states that he observed and witnessed plaintiff throughout the seminar and "spoke with her regarding an injury," but he does not indicate the tenor of the conversation or the nature of the injury. None of the affidavits states that the affiant witnessed the alleged occurrence involving plaintiff and the seminar's instructor. The affidavits were aptly characterized by the motion court as cumulative, "boilerplate" and "unpersuasive." None contains the basic detail necessary to ascertain whether the affiant is a material witness (*see Cardona v Aggressive Heating*, 180 AD2d 572 [1992]). Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.