■ Mary Henry, Appellant, v Central Hudson Gas and Electric Corporation et al., Respondents. [872 NYS2d 4]—

The court exercised its discretion in a provident manner in granting the motion to change venue, where defendants made the requisite showing that retention of this action in Bronx County would inconvenience nonparty material witnesses (*see Hoogland v Transport Expressway, Inc.*, 24 AD3d 191 [2005]). Defendants submitted, inter alia, the affidavits of a witness who came upon the accident scene while plaintiff's decedent may still have been alive, of the police officer and EMS worker who responded to the scene and prepared reports detailing their actions at the scene, and of the now-retired Medical Examiner of Ulster County. All of the witnesses averred that they would be willing to testify in the case, but that traveling to Bronx County to testify would be inconvenient. Furthermore, the police officer and EMS worker stated that they would be inconvenienced by having to take a day off of work from their public service jobs to travel to Bronx County to testify, and inasmuch as the officer's testimony will bear on liability, and the paramedic has evidence respecting the injuries sustained in the accident, their testimony is material and the court appropriately considered their convenience (*see Kennedy v C.F. Galleria at White Plains*, 2 AD3d 222 [2003]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Gonzalez, McGuire and Acosta, JJ.