■ SARAH ROSEN et al., Appellants, v UPTOWN GENERAL CONTRACTING, INC., Respondent. [898 NYS2d 849]—

Order, Supreme Court, Bronx County (Geoffrey D. Wright, J.),

entered on or about October 5, 2009, which, in an action for personal injuries, granted plaintiff's motion to reargue an order, same court and Justice, entered on or about August 10, 2009, granting defendant's motion to change venue from Bronx County to Westchester County, and, upon reargument, adhered to the prior decision, unanimously modified, on the facts, to deny the motion to change venue, and otherwise affirmed, without costs.

Plaintiff properly placed venue in Bronx County based upon defendant's designation of that county as its corporate residence on the certificate of incorporation it filed with the Secretary of State (*see Job v Subaru Leasing Corp.*, 30 AD3d 159 [2006]).

Although a transitory action should generally be brought in the county where the cause of action arose, it is well settled that a motion for a change of venue under CPLR 510 (3) "must be supported by a statement detailing the identity and availability of proposed witnesses, the nature and materiality of their anticipated testimony, and the manner in which they would be inconvenienced by the designated venue" (*Krochta v On Time Delivery Serv., Inc.*, 62 AD3d 579, 581 [2009]). Here, defendant failed to make the necessary showing despite two opportunities, and accordingly the conclusion that Bronx County was inconvenient for the witnesses was speculative (*see Brown v Dawson*, 65 AD3d 980 [2009]; *Rodriguez-Lebron v Sunoco, Inc.*, 18 AD3d 275 [2005]). Concur—Nardelli, J.P., McGuire, Acosta, Freedman and Román, JJ.