■ KENNETH DLUGASKI, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Appellants. [968 NYS2d 35]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about December 4, 2012, which, insofar as appealed from, denied defendants' motion to transfer venue from Bronx County to New York County, unanimously affirmed, without costs.

Plaintiff was injured in a construction-site accident that occurred in New York County, and he commenced the instant action in Bronx County based on the residence of defendant Port Authority of New York and New Jersey (*see e.g. Rodriguez v Port Auth. of N.Y. & N.J.*, 293 AD2d 325 [1st Dept 2002]). In support of the motion to change the venue pursuant to CPLR 510 (3), defendants submitted an affidavit from a safety manager employed at the construction site by a nonparty company. The witness stated that he prepared the report for plaintiff's accident, that he would be inconvenienced by having to travel to Bronx County because he lived in New Jersey, and that he worked six days per week at the site in lower Manhattan, and needed to be able to immediately respond to safety incidents.

Here, the court exercised its discretion in a provident manner in denying the motion (*see e.g. Bollman v Port Auth. of N.Y. & N.J.*, 17 AD3d 182 [1st Dept 2005]; *Argano v Scuderi*, 6 AD3d 211 [1st Dept 2004]). Defendants failed to show that the safety manager's testimony would be material. Moreover, defendants' contention that the witness would be seriously inconvenienced by a trial in Bronx County is unpersuasive (*see e.g. Pittman v Maher*, 202 AD2d 172, 177 [1st Dept 1994]; *Cardona v Aggressive Heating*, 180 AD2d 572, 573 [1st Dept 1992]; *compare Henry v Central Hudson Gas & Elec. Corp.*, 57 AD3d 452 [1st Dept 2008]). Concur—Andrias, J.P., Friedman, Moskowitz, DeGrasse and Feinman, JJ.