■ Edwin Velez, Respondent, v Port Authority of New York and New Jersey et al., Appellants. James Coffin, Respondent, v Port Authority of New York and New Jersey et al., Appellants. Kanerahtiio Deer, Respondent, v Port Authority of New York and New Jersey et al., Appellants. Donald Geren et al., Respondents, v Port Authority of New York and New Jersey et al., Appellants. Donald Geren et al., Respondents, v Port Authority of New York and New Jersey et al., Appellants. Nicholas Giovinco, Respondent, v Port Authority of New York and New Jersey et al., Appellants. Michael McGeeney et al., Respondents, v Port Authority of New York and New Jersey et al., Appellants. Keith Myiow, Respondent, v Port Authority of New York and New Jersey et al., Appellants. Thomas Stevenson et al., Respondents, v Port Authority of New York and New Jersey et al., Appellants. Michael Vocson, Respondent, v Port Authority of New York and New Jersey et al., Appellants. [974 NYS2d 417]—

Orders, Supreme Court, Bronx County (Lucindo Suarez, J.), entered February 9, 2012 (Velez action); (Mary Ann Brigantti-Hughes, J.), June 18, 2012 (Coffin action); (Mark Friedlander, J.), May 8, 2012 (Deer Action); (Alison Y. Tuitt, J.), June 28, 2012 (Geren action No. 1); (Mark Friedlander, J.), July 9, 2012 (Geren action No. 2); (Mark Friedlander, J.), July 17, 2012 (Giovinco action); (Alexander W. Hunter, Jr., J.), September 20, 2012 (McGeeney action); (Alison Y. Tuitt, J.), June 29, 2012 (Myiow action); (Norma Ruiz, J.), February 15, 2012 (Stevenson action); and (Lucindo Suarez, J.), on or about August 31, 2012 (Voscon action), which denied defendants' motions for a change of venue, unanimously affirmed, without costs.

In these 10 consolidated appeals, defendant Port Authority of New York and New Jersey (Port Authority) argues that plaintiffs' selection of Bronx County for venue purposes is improper. Citing CPLR 505 (a), Port Authority argues that plaintiffs failed to show that it had a principal office in Bronx County or that the complained of injuries arose in Bronx County facilities owned by it. However, CPLR 505 (a) is inapplicable and McKinney's Unconsolidated Laws of NY § 7106 (as added by L 1950, ch 301, § 6) applies (*see Bollman v Port Auth. of N.Y. & N.J.*, 17 AD3d 182 [1st Dept 2005]).

To the extent Port Authority argues that a general statute can repeal special or local acts without expressly naming them, the express language of CPLR 505 (a) limits its application to public authorities constituted under the laws of the State of New York, and that definition does not apply to the Port Authority, which is an entity of "special character . . . created by compact between two States and approved by Congress as required by the United States Constitution" (*Matter of Agesen v Catherwood*, 26 NY2d 521, 524 [1970]).

Even assuming, arguendo, that Port Authority falls within the ambit of public authorities defined in CPLR 505 (a), there is no basis to conclude that the legislature intended to eliminate all special venue provisions governing public authorities such as the Unconsolidated Laws. Where, as here, a special statute (i.e., Uncons Laws § 7106) is in conflict with a general act covering the same subject matter (i.e., CPLR 505 [a]), the special statute "controls the case and repeals the general statute insofar as the special act applies" (*Bollman*, 17 AD3d at 182-183 [citation omitted]).

We have considered the Port Authority's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Friedman, Freedman and Clark, JJ.