Order, Supreme Court, Bronx County (John Barone, J.), entered October 23, 2012, which denied defendants’ motion pursuant to CPLR 510 (3) to change venue to Richmond County, unanimously affirmed, without costs.
Plaintiff properly placed venue in Bronx County, where he resides. In seeking a discretionary change of venue, defendants failed to make the required “detailed justification for such relief in the form of the identity and availability of proposed witnesses, the nature and materiality of their anticipated testimony, and the manner in which they would be inconvenienced by the initial venue” (Rodriguez v Port Auth. of N.Y. & N.J., 293 AD2d *428 325, 326 [1st Dept 2002]). General statements that the witnesses would be inconvenienced by traveling to Bronx County are insufficient to warrant a change of venue, given the relatively short distance between Richmond and Bronx Counties (see Gersten v Lemke, 68 AD3d 681 [1st Dept 2009]). Furthermore, the fact that plaintiff has a pending personal injury action in Richmond County against a nonparty relating to a workplace accident is irrelevant in determining the proper venue for this action, in which he alleges that defendants improperly terminated his employment for discriminatory or retaliatory reasons.
Concur—Tom, J.E, Renwick, Andrias, Freedman and Clark, JJ.