■ Annabel Vered et al., Respondents, v Maurice J. Wittenberg, Appellant. [28 NYS3d 871]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered May 5, 2015, which, in an action arising out of a motor vehicle accident in Suffolk County, denied defendant's motion to change venue from New York County to Suffolk County, unanimously reversed, on the law and the facts, without costs, and the motion granted.

Supreme Court improvidently exercised its discretion in

denying defendant's motion to change venue pursuant to CPLR 510 (3). Defendant showed that nonparty material witnesses— including the police officer, detective, and paramedics who responded to the scene of the accident in Suffolk County—were willing to testify, but would be inconvenienced by having to travel to New York County (*see Henry v Central Hudson Gas & Elec. Corp.*, 57 AD3d 452 [1st Dept 2008]; *Hoogland v Transport Expressway, Inc.*, 24 AD3d 191 [1st Dept 2005]; *Kennedy v C.F. Galleria at White Plains*, 2 AD3d 222, 223 [1st Dept 2003]). Moreover, most of the medical records and witnesses are located in Suffolk County (*see Gentry v Finnigan*, 110 AD3d 568, 569 [1st Dept 2013]). In response to defendant's showing, plaintiffs have not shown that New York County, where they reside, is preferable to Suffolk County, where they own a home (*see Cardona v Aggressive Heating*, 180 AD2d 572, 573 [1st Dept 1992]). Concur—Tom, J.P., Mazzarelli, Friedman, Richter and Kahn, JJ.