■ Moishe Schwartz, Individually and as Administrator of the Estate of Gitty Schwartz, Deceased, Respondent, v Shaya R. Walter et al., Defendants, and Yad Ezrah, Inc., Appellant. [37 NYS3d 272]—

In an action to recover damages for personal injuries and wrongful death, etc., the defendant Yad Ezrah, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated May 13, 2015, as denied its cross motion pursuant to CPLR 510 (3) to change the venue of the action from Kings County to Rockland County.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the cross motion of the defendant Yad Ezrah, Inc., pursuant to CPLR 510 (3) to change the venue of the action from Kings County to Rockland County is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Rockland County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511 [d]).

On August 15, 2011, the plaintiff's decedent, a two-year-old girl, was struck and fatally injured by a minivan operated by the defendant Shaya R. Walter which was traveling northbound on Clinton Lane in New Square, Rockland County. Prior to the accident, the decedent had run out into the street from the west side of the street. At the time of the accident, the defendant Dov Danziger, the decedent's uncle, was sitting in a car owned by the defendant Yad Ezrah, Inc. (hereinafter the appellant), which was parked on the west side of the street, in front of the decedent's residence on Clinton Lane. The decedent was taken by ambulance to Nyack Hospital.

In 2012, the plaintiff commenced this action, as the administrator of the decedent's estate and individually, against Walter, Danziger, and the appellant in the Supreme Court, Kings County. Venue was based on Danziger's residence in Kings County at the time the action was commenced. After the action was commenced, Danziger moved to Rockland County. The appellant cross-moved pursuant to CPLR 510 (3) to change the venue of the action from Kings County to Rockland County. The Supreme Court denied the appellant's cross motion.

CPLR 510 (3) provides that, upon motion, the court may change the venue of an action where "the convenience of material witnesses and the ends of justice will be promoted by the change." A party moving to change the venue pursuant to CPLR 510 (3) must provide information about the prospective witnesses, including, but not limited to, their names and ad-

dresses, disclose the facts about which the proposed witnesses will testify at the trial, represent that the prospective witnesses are willing to testify, and state that the witnesses would be inconvenienced if the venue is not changed (*see Lapidus v 1050 Tenants Corp.*, 94 AD3d 950, 950 [2012]; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 172-173 [1995]; *see also Marin v Levin Props.*, 306 AD2d 256 [2003]; *McGarry v Columbia Greene Med. Ctr.*, 260 AD2d 451 [1999]). However, these criteria should not be applied with "absolute rigidity [or] inexorability" (*O'Brien v Vassar Bros. Hosp.*, 207 AD2d at 172).

Here, the appellant established that all of the identified nonparty witnesses reside in or near Rockland County. The two nonparty eyewitnesses who made statements to Ramapo Police Department officers concerning their observations of the accident reside in Rockland County (*see Jansen v Bernhang*, 149 AD2d 468, 469 [1989]). The seven police officers who responded to the scene of the accident reside either in Rockland County or in Orange County. The police reports prepared by the Town of Ramapo Police Department officers with respect to the accident demonstrate that the testimony of the officers would be material to the trial of this action (*see Kennedy v C.F. Galleria at White Plains*, 2 AD3d 222, 223 [2003]). Further, it would be a burden for the police officers to be required to travel from Rockland County to Kings County during their normal business hours for depositions and trial (*see Kennedy v C.F. Galleria at White Plains*, 2 AD3d at 223; *Professional Veh. Leasing v Continuing Dev. Servs.*, 275 AD2d 313, 314 [2000]; *cf. Lafferty v Eklecco, LLC*, 34 AD3d 754, 755 [2006]).

Accordingly, the Supreme Court improvidently exercised its discretion in denying the appellant's cross motion to change the venue of the action from Kings County to Rockland County. Mastro, J.P., Austin, Sgroi and Maltese, JJ., concur.