Taylor v Montreign Operating Co., LLC (2018 NY Slip Op 03222)





Taylor v Montreign Operating Co., LLC


2018 NY Slip Op 03222


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Kapnick, Kern, JJ.


6470N 153770/16

[*1] Josh Taylor, Plaintiff-Respondent,
v
Montreign Operating Company, LLC, et al., Defendants-Appellants.


Hodgson Russ LLP, Buffalo (Ryan J. Lucinski of counsel), for appellants.
Sacks and Sacks, New York (Scott N. Singer of counsel), for respondent.



Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered July 21, 2017, which denied defendants' motion to change venue from New York County to Sullivan County, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted.
The motion court exercised its discretion in an improvident manner in light of defendants' demonstration that the convenience of material nonparty witnesses would be better served by the change (see Kennedy v C.F. Galleria at White Plains, 2 AD3d 222, 223 [1st Dept 2003]; cf. Cardona v Aggressive Heating, 180 AD2d 572 [1st Dept 1992]). Defendants submitted the affidavits of four first responders and plaintiff's coworker, all of whom averred that they would testify as witnesses but would be inconvenienced by traveling to New York County. The accident occurred in Sullivan County, and other than one defendant's registered principal place of business, and one of plaintiff's physicians maintaining an office in the county, this matter has no contact with New York County (see Lawrence v Volvo Cars of N. Am., 224 AD2d 329 [1st Dept 1996]). Plaintiff's argument that the affidavits submitted by defendants were not sufficiently detailed is unpersuasive, and plaintiff offers nothing to rebut defendants' assertions that his coworker, the first responders, and the sheriff who investigated the accident were material witnesses, as they averred in their affidavits (see Kennedy at 223; see also Austin v DaimlerChrysler Corp., 294 AD2d 182 [1st Dept 2002]). Furthermore, plaintiff's assertion that he has alleged violations of the Labor Law, and thus liability may be resolved prior to trial, is not relevant (see Risoli v Long Is. Light. Co., 138 AD2d 316, 319 [1st Dept 1988]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK