Kaston v G.T.I. Roll Transp. Servs., Inc. (2020 NY Slip Op 07455)





Kaston v G.T.I. Roll Transp. Servs., Inc.


2020 NY Slip Op 07455


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, Shulman, JJ. 


Index No. 154870/18 Appeal No. 12618N Case No. 2020-00403 

[*1]James Kaston as Executor of the Estate of Sibilla Patrizi, Plaintiff-Respondent,
v
G.T.I. Roll Transportation Services, Inc., et al., Defendants-Appellants, Zain Qaiser, et al., Defendants.


McGaw, Alventosa & Zajac, Jericho (Andrew Zajac of counsel), for appellants.
McCarney Law P.C., New York (James G. McCarney of counsel), for respondent.



Order, Supreme Court, New York County (Adam Silvera, J.), entered December 2, 2019, which, to the extent appealed from as limited by the briefs, denied the motion of defendants G.T.I. Roll Transportation Services Inc. and Francois Coulombe to change venue from New York County to Columbia County, unanimously affirmed, without costs.
Although the subject motor vehicle accident occurred in Columbia County and the decedent passed away from her injuries there, defendants did not provide the required justification for a discretionary change of venue under CPLR 510(3) (see Bollman v Port Auth. of N.Y. & N.J., 17 AD3d 182, 183 [1st Dept 2005]; Argano v Scuderi, 6 AD3d 211 [1st Dept 2004]). There is no dispute that New York County is a proper venue because plaintiff executor resided there when the complaint was filed (see CPLR 503[b]).
A motion for a change of venue under CPLR 510(3) must be "supported by a statement detailing the identity and availability of proposed witnesses, the nature and materiality of their anticipated testimony and the manner in which they would be inconvenienced by the designated venue" (Krochta v On Time Delivery Serv., Inc., 62 AD3d 579, 581 [1st Dept 2009]). Here, defendants failed to show that the material witnesses had been contacted and would be willing to testify, and how they would be inconvenienced by having to testify in New York County (see Timan v Sayegh, 49 AD3d 274, 274-275 [1st Dept 2008]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020