Tawiah v McNiff (2021 NY Slip Op 02374)





Tawiah v McNiff


2021 NY Slip Op 02374


Decided on April 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 20, 2021

Before: Webber, J.P., Kern, Oing, González, JJ. 


Index No. 22591/20E Appeal No. 13625 Case No. 2020-04172 

[*1]Joseph Tawiah, Plaintiff-Appellant,
v
Edwin J. McNiff, Jr., et al., Defendants-Respondents.


The Law Office of Judah Z. Cohen, PLLC, Woodmere (Judah Z. Cohen of counsel), for appellant.
Robert A. Peirce & Associates, White Plains (Alessandra L. Cortina of counsel), for respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about September 16, 2020, which granted defendants' motion to change the venue from Bronx County to Dutchess County, unanimously reversed, on the law, without costs, and the motion denied.
Supreme Court improvidently exercised its discretion in granting defendants' motion to change venue. Defendants failed to show the existence of material witnesses who would be inconvenienced and the substance of their testimony (see CPLR 510[3]; Argano v Scuderi, 6 AD3d 211, 212 [1st Dept 2004]). In fact, defendants did not identify any proposed nonparty witnesses and merely claimed, without any evidentiary support, that material witnesses would be inconvenienced by having to travel to Bronx County. The presumption that a witness will be inconvenienced merely because the courthouse is in a different county is unwarranted (see Pittman v Maher, 202 AD2d 172, 177 [1st Dept 1994]), and while the county of occurrence is a factor to be considered, defendants still had the burden of showing the inconvenience that would be sustained by the witnesses if required to testify in Bronx County (see Gissen v Boy Scouts of Am., 26 AD3d 289, 291 [1st Dept 2006]).
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2021