Pollack v St. Francis Hosp. (2022 NY Slip Op 00744)





Pollack v St. Francis Hosp.


2022 NY Slip Op 00744


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Manzanet-Daniels, J.P., Webber, Oing, Mendez, Higgitt, JJ. 


Index No. 805286/18 Appeal No. 15234-15234A Case No. 2021-02117 2021-02203 

[*1]Elisa Pollack et al., as Executor of the Estate of Albert Pollack, Deceased, Plaintiffs-Respondents,
v
St. Francis Hospital et al., Defendants-Appellants, Ankur Anand, M.D. et al., Defendants. 


Martin Clearwater & Bell LLP, East Meadow (Gregory A. Cascino of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about January 11, 2021, which, to the extent appealed from, denied defendants St. Francis Hospital, Neil R. Bercow, M.D., Lawrence H. Durban, M.D., and Alla Rus, P.A.'s motion to change venue from New York County to Nassau County pursuant to CPLR 510(3), unanimously affirmed, without costs. Order, same court and Justice, entered on or about May 19, 2021, to the extent it denied defendants' motion to renew their venue motion, unanimously affirmed, without costs, and appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable order.
Defendants failed to establish that changing venue to Nassau County from New York County, which was properly designated based on the residence of one of the plaintiffs (see CPLR 503[a]; Cardona v Aggressive Heating, 180 AD2d 572, 573 [1st Dept 1992]), would better serve the convenience of material witnesses (CPLR 510[3]; see Cardona at 573). Defendants submitted an affirmation by only one prospective witness, and the witness did not set forth the substance and materiality of his anticipated testimony (see Berk v Linnehan, 85 AD3d 475 [1st Dept 2011]). The mere fact that the courthouse is in a different county does not give rise to a presumption that a witness will be inconvenienced (see Tawiah v McNiff, 193 AD3d 559 [1st Dept 2021]; Gersten v Lemke, 68 AD3d 681 [1st Dept 2009]).
The motion court properly denied defendants' renewal motion. The dismissal of the action against two defendants who then became nonparty witnesses, even if it were a "new fact" unknown to defendants when they first moved for a change of venue, would not change the prior determination (see CPLR 2221[e][2]). Defendants failed to demonstrate that these nonparty witnesses would be inconvenienced by having to travel from Nassau County to New York County for trial.
No appeal lies from the denial of reargument (Menkes v Delikat, 148 AD3d 442, 442 [1st Dept 2017]; see CPLR 5701 [a] [2] [viii]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022