Corner of Walnut LLC v Tompkins Ins. Agencies, Inc. (2024 NY Slip Op 01339)

Corner of Walnut LLC v Tompkins Ins. Agencies, Inc.

2024 NY Slip Op 01339

Decided on March 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2024

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 653722/22 Appeal No. 1860 Case No. 2023-05248 

[*1]Corner of Walnut LLC, Plaintiff-Appellant,
v
Tompkins Insurance Agencies, Inc., et al., Defendants-Respondents.

Nicholas Goodman & Associates, PLLC, New York (H. Nicholas Goodman of counsel), for appellant.
Feldman Kieffer, LLP, Buffalo (Adam C. Ferrandino of counsel), for respondents.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about October 4, 2023, which granted defendants Tompkins Insurance Agencies, Inc, and Eric Toftegaard's motion to change venue pursuant to CPLR 510(3) from New York County to Onondaga County, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, and the motion denied.
In this action asserting claims for negligence, breach of contract, and breach of fiduciary duty premised on a failure to procure insurance, plaintiff, with a principal place of business in New York County, owned property with standing structures in Onondaga County. Plaintiff procured insurance through defendants, insurance brokers with a principal place of business in Batavia, New York, for a renovation project on the property. Plaintiff communicated with defendants solely via email. While renovating the property, a building on the property collapsed. When plaintiff submitted a claim to its insurer, it was denied under, inter alia, an exclusion for damages related to a "standing building or structure," the specific coverage plaintiff allegedly requested. It is undisputed that venue is proper in New York County pursuant to CPLR 503(a) based on plaintiff's principal place of business in New York County.
The motion court should have denied defendants' motion. To warrant a change of venue pursuant to CPLR 510(3), "[t]he affidavit in support of such motion must contain the names, addresses and occupations of the prospective witnesses, must disclose the facts to which the proposed witnesses will testify at the trial, must show that the proposed witnesses are, in fact, willing to testify and must show how the proposed witnesses would be inconvenienced in the event that a change of venue is not granted" (Jacobs v Banks Shapiro Gettinger Waldinger & Brennan, LLP, 9 AD3d 299, 299 [1st Dept 2004]). Defendants have failed to meet any part of this standard. Defendants' general statements that nonparty witnesses involved in the renovation project will be inconvenienced by venue in New York County is inadequate to satisfy the standard (Timan v Sayegh, 49 AD3d 274, 274-275 [1st Dept 2008]). Moreover, although this action arose from the collapse of a building on property located in Onondaga County, plaintiff seeks to recover against defendants for their failure to procure insurance, which does not necessarily require the testimony of nonparty witnesses involved in the renovation project who were not involved in the procurement of insurance coverage.
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2024