Collins v 200 President St. Corp. (2025 NY Slip Op 50001(U))

[*1]

Collins v 200 President St. Corp.

2025 NY Slip Op 50001(U)

Decided on January 3, 2025

Supreme Court, Bronx County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 3, 2025
Supreme Court, Bronx County

Taisheik Stone Collins, Plaintiff,

against
200 President Street Corp., Defendant

Index No. 806769/2023E

Ashlee Crawford, J.

Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed NYSCEF No(s).9-13
Answering Affidavit and Exhibits NYSCEF No(s). 14
Replying Affidavit NYSCEF No(s). 15
Upon the foregoing papers, and due deliberation being held, the Court finds:
Plaintiff Taisheik Stone Collins seeks to recover for injuries he allegedly sustained on February 28, 2023, when he slipped and fell while working at a construction site at 200 President Street, Brooklyn, New York. In the complaint filed on May 1, 2023, he asserts claims for common law negligence and violations of Labor Law §§ 200, 240, 241(6), and various sections of the Industrial Code against the building owner, defendant 200 President Street Corp. As set forth in the summons and complaint, the basis of venue in the Bronx is plaintiff's residence.
Defendant filed an answer on September 1, 2023, but now moves pursuant to CPLR § 3025 to amend its answer to assert a counterclaim for fraud against plaintiff; and pursuant to CPLR § 510(3) for a discretionary transfer of venue to Kings County. In seeking to amend its answer, defendant submits the affidavit of Benjamin Beller, an authorized representative of the defendant cooperative, who states upon information and belief that plaintiff (i) has been observed walking normally and then faking a limp when he neared the building; (ii) attempted to pressure and/or enlist other individuals to join this lawsuit by falsely claiming they were injured and to offer false testimony that they witnessed plaintiff's alleged accident; and (iii) offered a cash bribe to at least one potential witness to provide a false statement about having witnessed the alleged accident (Beller Affirm. ¶ 7).
Leave to amend pleadings should be freely given absent prejudice to the opposing party and where the proposed claims are not palpably insufficient or devoid of merit (Leyton v Siegel, 212 AD3d 521 [1st Dept 2023]; CPLR § 3025). To sufficiently plead fraud, "CLR 3016(b) requires that 'circumstances constituting the wrong shall be stated in detail'" (Epiphany Community Nursery Sch. v Levey, 171 AD3d 1, 9 [1st Dept 2019], lv withdrawn 34 NY3d 927 [2019]). "The statutory provision is satisfied when the facts suffice to permit a 'reasonable inference' of the alleged misconduct" (id.). CPLR § 3016(b) "should not be so strictly interpreted as to prevent an otherwise valid cause of action in situations where it may be impossible to state in detail the circumstances constituting a fraud" (Pludeman v Northern Leasing Systems, Inc., 10 NY3d 486, 491-492 [2008][internal citation omitted]). Indeed, the heightened pleading standard under CPLR § 3016(b) "should not be confused with unassailable proof of fraud" (id. at 492). 
Assertions made "upon information and belief" generally are insufficient to sustain allegations of fraud (Rosenberg v OSG, LLC, 224 AD3d 466, 467 [1st Dept 2024]; Dashdevs LLC v Capital Mkts. Placement, Inc., 210 AD3d 525, 526 [1st Dept 2022]; Weinberg v Kaminsky, 166 AD3d 428, 429 [1st Dept 2018], lv dismissed in part, denied in part 35 NY3d 937 [2020]). However, Courts have allowed fraud allegations made "upon information and belief" where they provide sufficient information to apprise the parties of the alleged wrong (Allenby, LLC v Credit Suisse, AG, 134 AD3d 577, 580 [1st Dept 2015]; see generally Harris v Structuretech New York, Inc., 191 AD3d 470 [1st Dept 2021]). Here, defendant's proposed fraud counterclaim, although pled upon information and belief, is sufficiently detailed to apprise plaintiff of the alleged wrong. That part of defendant's motion seeking to amend its answer is, therefore, granted.
In support of its application for a change of venue pursuant to CPLR § 510(3), defendant argues that this case has no nexus to the Bronx, and that Brooklyn is the situs of the building and events, and where most of the material witnesses live or work. As noted, plaintiff based his choice of Bronx venue on his place of residence, which is his right (see Summons and Complaint; CPLR § 503[a]). Because defendant has not made the requisite evidentiary showing that the non-party witnesses will be inconvenienced absent a change in venue, the motion to change venue is denied (10 Two Trees Lane LLC v Mahoney, 192 AD3d 468, 469 [1st Dept 2021]; Tawiah v McNiff, 193 AD3d 559, 560 [1st Dept 2021]; Sanchez v 1 Burgess Rd., LLC, 169 AD3d 605 [1st Dept 2019]; cf. Gentry v Finnigan, 110 AD3d 568, 569 [1st Dept 2013]). Accordingly, it is
ORDERED that that part of defendant's motion seeking leave to file and serve an amended answer is GRANTED; and it is further
ORDERED that that part of defendant's motion seeking a change of venue to Kings County is DENIED; and it is further
ORDERED that defendant shall file and serve its amended answer within 30 days of entry of this order, and plaintiff shall answer the counterclaim per the CPLR; and it is further
ORDERED that all parties shall appear for a preliminary conference on April 28, 2025, at 9:30 AM.
This constitutes the decision and order of the Court.
Dated: January 3, 2025
Hon. Ashlee Crawford, A.J.S.C.